**Linwood L. WILLIAMS**

v.

**FARMERS HOME ADMINISTRATION.**

Civ. A. No. 85–0904–R.

United States District Court,
E.D. Virginia,
Richmond Division.

Dec. 17, 1985.

---

Linwood L. Williams, pro se.

G. Wingate Grant, Asst. U.S. Atty., Richmond, Va., for defendant.

## OPINION AND ORDER

WARRINER, District Judge.

Presently under consideration by the Court is defendant's petition for removal to this Court from the General District Court for Lunenburg County, Virginia.

On 23 October 1985 a warrant in debt was served upon defendant Farmers Home Administration alleging $579.00 in damage resulting from the destruction of personal property. On 4 December 1985 defendant, by the U.S. Attorney for the Eastern District of Virginia, petitioned this Court for removal of this action to the U.S. District Court for the Eastern District of Virginia. In its petition for removal defendant alleges that the action filed by plaintiff "appears to a tort action against the United States of America, and, as such, is a civil action of which the district courts of the United States have original jurisdiction."

28 U.S.C. § 1446(b) reads in pertinent part:

The petition for removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

In Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3732, 28 U.S.C. § 1446(b) is interpreted as follows:

The time limitations in Section 1446 are mandatory and must be strictly construed in accordance with the computation principles in Federal Rule of Civil Procedure 6. They will not be extended by continuances, demurrers, motions to set aside service of process, pleas and abatement, stipulations, or court orders, although a delay following the motion often will be tolerated.

Wright, Miller & Cooper at pp. 527–30 (footnotes omitted).

The federal courts that have considered the question of whether the time provisions of 28 U.S.C. § 1446(b) must be strictly construed have unanimously decided that they are mandatory. *See, e.g., London v. United States Fire Insurance Co.,* 531 F.2d 257, 259–60 (5th Cir.1976); *United States ex rel. Walker v. Gunn,* 511 F.2d 1024, 1027 (9th Cir.), *cert. denied,* 423 U.S. 849, 96 S.Ct. 91, 46 L.Ed.2d 72 (1975); *Antares Oil Corp. v. Jones,* 558 F.Supp. 62, 62–63 (D.Col.1983); *DiMeglio v. Italia Crociere Internazionale,* 502 F.Supp. 316, 318 (S.D. N.Y.1980); although several courts have stated that the time limitations, while mandatory, are not jurisdictional and therefore may be waived by the plaintiff. *See, e.g., Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir.1983); *Antares Oil Corporation v. Jones,* 558 F.Supp. at 62.

In this case, the State warrant in debt was received by the federal agency on 23 October 1985. The petition for removal was not filed, however, until 4 December 1985, twelve (12) days after the expiration of the 30-day period specified in 28 U.S.C. § 1446(b). Furthermore, plaintiff has not

waived the 30-day time limitation. The removal petition therefore is untimely and improperly brought. I can find no case law in which a court waived the 30-day period simply because the United States or a federal agency was a defendant.

 Furthermore, it cannot successfully be argued that the thirty-day removal period did not begin to run because plaintiff did not comply with Rule 4(d)(4) of the Federal Rules of Civil Procedure in serving process upon the Farmers Home Administration. Nothing in the United States Code, or more particularly in the Federal Tort Claims Act, required plaintiff to comply with the Federal Rules of Civil Procedure regarding service of process in filing his suit in State court. As the Sixth Circuit has noted:

> The traditional principle of federalism is that as long as states rules or practice do not "impose unnecessary burdens upon rights of recovery authorized by federal laws," neither Congress nor the federal courts has the power to change them.

*Wilson v. U.S. Department of Agriculture, Food and Nutrition Service,* 584 F.2d 137, 141 (6th Cir.1978) (quoting *Brown v. Western Railway of Alabama,* 338 U.S. 294, 298, 70 S.Ct. 105, 107, 94 L.Ed. 100 (1949)). I can find nothing in Congress' delegation of rule-making authority to the Secretary of Agriculture or to the Attorney General that authorizes either to require that plaintiff make service in State court in compliance with the Federal Rules of Civil Procedure. *Cf. Wilson v. U.S. Department of Agriculture,* 584 F.2d at 141 (Secretary of Agriculture not authorized to dictate what rules of procedure must be followed by State court in trying a lawsuit under the Food Stamp Act).

Defendant having failed to seek removal within the thirty-day limit set by 28 U.S.C. § 1446(b), it is ORDERED that this action be remanded to the General District Court of Lunenburg County, Virginia, at defendant's costs.

And it is so ORDERED.