Leonard F. **OSEEKEY**, Plaintiff,

v.

**SPAULDING FIBRE COMPANY, INC.,** Defendant.

No. CIV–86–1116C.

United States District Court, W.D. New York.

March 10, 1987.

**1120**

Maloney, Gallup, Roach, Brown & McCarthy (J. Mark Gruber, of counsel), Buffalo, N.Y., for plaintiff.

Hodgson, Russ, Andrews, Woods & Goodyear (Robert J. Lane, Jr., of counsel), Buffalo, N.Y., for defendant.

CURTIN, Chief Judge.

Plaintiff brought this action in New York State Supreme Court, County of Erie, against his former employer, Spaulding Fibre Company, seeking recovery of severance pay benefits which he claims were wrongfully withheld by defendant. Defendant was served with a summons and complaint in February of 1985; and answer was served in March of 1985. On November 17, 1986, defendant removed the action to this court. Plaintiff has moved for a remand, claiming that removal was untimely.

In his complaint, plaintiff alleges only that defendant breached his employment agreement by failing to pay him his severance pay. On August 6, 1986, defendant moved for dismissal in state court on the ground that state law claims for severance pay are preempted by the Employee Retirement Income Security Act [ERISA], 29 U.S.C. § 1001, *et seq.* Plaintiff responded on October 17, 1986, by claiming that "the issue as to what law governs the claim is solely for the trial justice to consider." He urged that even if ERISA does preempt state law claims such as the one raised in his complaint, state courts have concurrent jurisdiction over these ERISA claims. 29 U.S.C. § 1132(e), referring to section 1132(a)(1)(B). On October 24, 1986, the state court judge denied the motion to dismiss, after which defendant filed its petition for removal on November 17.

In his motion to remand, plaintiff continues to decline to identify his cause of action as based upon either federal law or state law, effectively relying upon both. He also urges that, in any event, defendant's petition for removal. is untimely. Plaintiff claims that since defendant was aware of the federal nature of the claim at the time it served its answer in March of 1985, it should have removed within 30 days of the receipt of the complaint, pursuant to 28 U.S.C. § 1446(b). That section provides:

The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

On its face, plaintiff's complaint states a cause of action for breach of contract and raises no federal claim. In its verified petition for removal, defendant admits that it believed plaintiff's claim was preempted by ERISA at the time it served its answer. Defendant maintains, however, that removal at that time, based upon a defense of preemption, would have been improper.[1]

It is well established that a case cannot be removed based upon a defense in federal law, including preemption. A federal cause of action must appear on the face of a well-pleaded complaint:

[S]ince 1887 it has been settled law that a case may not be removed to federal court

---

1. There is no claim that there is diversity juris-   diction.

on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.

*Franchise Tax Board v. Laborers Vacation Trust,* 463 U.S. 1, 14, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983).

■ There are, however, exceptions to the general rule precluding removal based upon a defense of preemption. If state causes of action are entirely displaced by federal law, such as section 301 of the Labor Management Relations Act [LMRA], the cause of action may be removable even if the basis in federal law is not set forth in the complaint. *Avco Corp. v. Aero Lodge No. 735,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968).

Unlike section 301 of the LMRA, ERISA has not been held to establish a ground for removal when the basis of federal law is not set forth in the complaint. In *Franchise Tax Board,* the Court held that a suit by state tax authorities under a state statute does not arise under ERISA. Although noting that ERISA may preclude actual enforcement of the state's tax levy, the Court held that an action to enforce the state's levy is not in itself preempted by ERISA. *Id.,* 463 U.S. at 25–26, 103 S.Ct. at 2854–55.

The Court rejected the argument that ERISA was analogous to section 301 of the LMRA such that *any* action based on state law which would require the interpretation of ERISA in connection with a plan document arises under the law of the United States. The court went on to note, however, that one section of ERISA, section 502(a) (29 U.S.C. § 1132(a)), which provides

a cause of action for participants or beneficiaries of a plan to recover benefits due him under the plan, may be analogous to section 301 of the LMRA.

It may be that, as with § 301 as interpreted in *Avco,* any state action coming within the scope of § 502(a) of ERISA would be removable to federal district court, even if an otherwise adequate state cause of action were pleaded without reference to federal law.

That question was not before the court.

In the instant action, defendant has not identified the specific section of the Act which it claims preempts plaintiff's state law claim. On the facts of this case, it appears that plaintiff would proceed pursuant to section 502(a) of the Act, specifically section 502(a)(1)(B) [29 U.S.C. § 1132(a)(1)(B)], since he is seeking benefits due him under a plan.

Other courts have concluded that a defense based upon the preemptive effect of ERISA does not provide removal jurisdiction. *See Eitmann v. New Orleans Public Service, Inc.,* 730 F.2d 359, 366 (5th Cir.), *cert. denied,* 469 U.S. 1018, 105 S.Ct. 433, 83 L.Ed.2d 359 (1984), relying upon *Powers v. South Central United Food and Commercial Workers,* 719 F.2d 760 (5th Cir. 1983). That case was apparently based upon section 502(a), 29 U.S.C. § 1132(a), but did not come under section 1132(a)(1)(B). *Id.* at 762. This difference may be significant, since section 1132(a)(1)(B) is the only section of ERISA which provides for concurrent state/federal jurisdiction (29 U.S.C. § 1132(e)).[2] The Second Circuit Court of Appeals has noted that removal based upon preemption, which is generally deemed a defense, may be justified in those instances in which the state court has concurrent jurisdiction over the

**2.** In *Franchise Tax Board,* 463 U.S. 1, 24 n. 27, [103 S.Ct. 2841, 2851 n. 27, 77 L.Ed.2d 420], the court noted that if there is not concurrent state and federal jurisdiction, the proper course may well be to dismiss any cause of action over which federal courts would have exclusive jurisdiction after removal. This is due to the derivative nature of removal jurisdiction. Note, however, that Congress has recently abolished the

doctrine of derivative jurisdiction for claims in civil actions filed in state courts after June 19, 1986. *See* Judicial Improvements Act of 1985, Pub.L. No. 99–336, 100 Stat. 633, 637 (1986) (adding new subsection (e) to 28 U.S.C. § 1441). *See Nordlicht v. New York Telephone Co.,* 799 F.2d 859 (2d Cir.1986). The change would appear not to affect the instant action, which was commenced prior to June 19, 1986.

latent federal claims. *Travelers Indemnity Co. v. Sarkisian,* 794 F.2d 754, 758–59, n. 6 (2d Cir.), cert. denied, — U.S. —, 107 S.Ct. 277, 93 L.Ed.2d 253 (1986) [3]

Defendant also points to *Piatko v. Bethlehem Steel Corp.,* CIV–85–175E, filed August 5, 1985, in which removal was found to be improper when the preemptive effect of ERISA was imposed solely as a defense to an action based upon state law. Although it appears likely, it is not clear from the facts of that case whether section 502(a) of ERISA was at issue.

■ Based upon the Supreme Court's dicta regarding the removability of an action brought in state court which falls within the scope of section 502(a) of ERISA in *Franchise Tax Board,* there is an argument that the case was removable at its inception. However, that has not been established. *See Nemaizer v. Baker,* 793 F.2d 58, 64 (2d Cir.1986). Keeping in mind the general rule that a federal defense, including preemption, is not sufficient grounds for removal, the action did not clearly become removable until, at the earliest, October 17, 1986. At that time, plaintiff first raised ERISA as a possible alternative basis for his claim in response to the motion to dismiss. Defendant's petition for removal was timely filed on November 17, 1986, within 30 days [4] after defendant was able to ascertain that the case was remova-

ble. 28 U.S.C. § 1446(b), ¶ 2. Plaintiff's motion for a remand is denied.

So ordered.

---

**3.** Footnote 6 reads:

It is not immediately apparent why federal preemption, where arguable, is not always simply a defense to a complaint containing only state law claims, rather than a basis of removal on federal question grounds.... If plaintiff's state law claims are preempted, it would seem that a motion to dismiss would be granted. If the dismissal is without prejudice to amend, plaintiff may then assert the federal claims upon which he is entitled to relief, and defendant can then remove the case to federal court. Perhaps removal based on preemption is justified because the state court will usually have concurrent jurisdiction over the latent federal claims. For example, a state court would have concurrent jurisdiction over the Labor-Management Relations Act claim that supported removal in *Avco Corp. v. Aero Lodge, supra.* ... If the facts alleged in the complaint necessarily entitle the plaintiff to relief under either federal or state law and the state court has concurrent jurisdiction over the federal claim, the state court might feel no obligation to decide the preemption question. Or the state court might defer resolving the preemption question until it is satisfied that plaintiff has proved his claim. If the state claim is preempted, the state court can then deem the pleadings amended to assert a federal claim and render judgment for plaintiff. If the state court defers deciding the preemption question in this fashion, assertion of any federal claim will come too late to allow removal. However, the artful pleading doctrine has been extended to claims which, once deemed federal, are within the exclusive jurisdiction of federal courts.

(Citations omitted.)

**4.** November 16, 1986, fell on a Sunday (Rule 6(a) of the Federal Rules of Civil Procedure.)