Kevin C. OWENS, W. Lee Gonzalez, Lana L. Sallaz, Susan L. Dillon and Bruce G. Johnson, Plaintiffs,

v.

GENERAL DYNAMICS CORP., a corporation; General Electric Company, a corporation; Westinghouse Electric Corp., a corporation; Retro Serv, Inc., a corporation; John E. McSweeny and A.V. Skiles III; and Does 1 through 200, inclusive, Defendants.

Civ. No. 88–0255–R(IEG).

United States District Court, S.D. California.

June 15, 1988.

James A. Caputo, Louis R. Goebel, Meagan J. Beale, Goebel, Shensa & Beale, San Diego, Cal., for plaintiffs.

Frederick P. Crowell, Browning E. Marean, April J. Rodewald, Anthony M. Stiegler, Gray, Cary, Ames & Frye, San Diego, Cal., for defendants.

## MEMORANDUM DECISION AND ORDER

RHOADES, District Judge.

Plaintiffs' motion to remand the action to the state court came on regularly for hearing on April 4, 1988, before the Honorable John S. Rhoades. James A. Caputo appeared on behalf of plaintiffs. Frederick P. Crowell appeared on behalf of defendants.

After hearing argument and considering the record and the authorities cited, the court granted the plaintiffs' motion and ordered the action remanded to state court. An order to that effect was entered on May 6, 1988. This memorandum decision sets forth the reasons for granting plaintiffs' motion.

## BACKGROUND

In September 1987, plaintiffs sued the corporate defendants, General Dynamics Corporation, General Electric Company, Westinghouse Electric Corporation, Retro Serv, Inc., as well as two individual California residents and two hundred Doe defendants for a variety of state law causes of action, alleging defendants caused personal injuries to plaintiffs by subjecting them to toxic chemicals in their workplace—Air Force Plant 19, Building 1. It is undisputed that Air Force Plant 19, Building 1 is owned by the United States government and has been operated since 1956 as a government-owned, contractor-operated facility. General Dynamics is the contractor responsible for the operation, management, and maintenance of Building 1 under the terms of a written contract.

Plaintiffs' complaint was filed in the state court on September 1, 1987. General Dynamics took no steps to remove the action within the thirty-day time limit of 28 U.S.C. § 1446(b). Rather, General Dynamics filed a demurrer to the complaint in state court. The demurrer was sustained and an amended complaint was served on January 20, 1988. On February 18, 1988, General Dynamics filed a verified petition for removal, relying on 28 U.S.C. § 1442(a)(1) as the basis for removal.[1] There were no facts alleged in the first amended complaint which were not alleged in the original complaint filed on September 1, 1988, concerning General Dynamics' relationship to the United States government or its alleged status as a person acting under a federal officer. One week later on February 25, 1988, plaintiffs served their motion for remand on defendants and also filed a demand for a jury trial in the federal court. On February 29, 1988, the plaintiffs filed their motion for remand (which had been served on defendants four days earlier) with this court.

Plaintiffs argue that the action was improvidently removed due to defendants' failure to file a timely removal petition. Defendant General Dynamics contends that the petition was timely filed; but assuming arguendo that the petition was not timely filed, plaintiffs waived any right to challenge such defect by filing a jury demand with the court.

## DISCUSSION

The initial question is whether General Dynamics' filing of a petition five and one-half months after defendants were served with the original complaint can be considered timely. No removal was effectuated within the 30–day period provided by the first sentence of 28 U.S.C. § 1446(b).[2] General Dynamics did not comply with the requirement that a petition for removal be filed within 30 days after re-

---

1. 28 U.S.C. § 1442(a)(1) provides:

"(a) A civil action or criminal prosecution commenced in a state court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of revenue."

2. 28 U.S.C. 1446(b) reads in full:

"(b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such intitial pleading has then

ceipt by the defendant of a copy of the initial pleading setting forth the claim. Nor does the removal petition fall within the provisions of the second sentence of § 1446(b). The second sentence of § 1446(b) specifies that the supplementary period for removal is available only where it may first be ascertained that a case which was not previously removable is one which has become removable. Thus, an amendment of a complaint will not revive the period for removal, if the case previously was removable, but a defendant failed to exercise his right to remove the action. However, if the amendment provides a new basis for removal so as to make it substantially a new suit, the period for removal will be revived. *Wilson v. Intercollegiate (Big Ten) Conf. Etc.*, 668 F.2d 962, 965 (7th Cir.1982) (citing *Fletcher v. Hamlet*, 116 U.S. 408, 410, 6 S.Ct. 426, 426, 29 L.Ed. 679 (1886)); see 14A Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3732 at 525 (1985).

■ Although General Dynamics removed the action pursuant to 28 U.S.C. § 1442(a)(1) within 30 days of the serving of the amended complaint, there is nothing in the amended complaint which was not also in the original complaint, that would have given General Dynamics notice that the action is removable. General Dynamics cannot and in fact has not stated in its arguments that it first learned of its alleged status as a person acting under a federal officer (the basis of its petition for removal) as of the filing of the amended complaint. General Dynamics certainly knew or should have known of the facts concerning its relationship with the United States government, and therefore knew or should have known whether it was acting as a person under a federal officer at the time of the filing of the original complaint. There has been no showing that the amendment of the complaint changed the character of the litigation so as to provide a new basis for removal. Further, the court rejects General Dynamics' contention that

the 30–day time requirement of § 1446(b) should have started to run upon the United States government's giving notification to General Dynamics of its refusal to accept the defense of the case. General Dynamics did not learn of its alleged status as a person acting under a federal officer when the United States declined to get involved in the action. Whether or not the government accepted the defense of its contractor, General Dynamics, would not change the facts which would allow for removal pursuant to 28 U.S.C. § 1442(a)(1). The refusal by the government to defend the case in no way provides General Dynamics with an arguable claim that it was acting under an officer or agency of the United States for an act carried out under color of office—the alleged basis for jurisdiction in the instant action.

■ The second question raised is whether, assuming arguendo that General Dynamics is a person acting under a federal officer as defined in 28 U.S.C. § 1442(a)(1), that status would serve to excuse it from complying with the 30–day time requirement in 28 U.S.C. § 1446(b). The federal courts that have considered the question of whether the time provisions of 28 U.S.C. § 1446(b) must be strictly construed have decided that they are mandatory. *See, e.g., London v. United States Fire Insurance*, 531 F.2d 257, 259–60 (5th Cir.1976); *United States ex rel. Walker v. Gunn*, 511 F.2d 1024, 1027 (9th Cir.), *cert. denied*, 423 U.S. 849, 96 S.Ct. 91, 46 L.Ed. 2d 72 (1975); *Antares Oil Corp. v. Jones*, 558 F.Supp. 62, 62–63 (D.Col.1983); *Dimeglio v. Italia Crociere Internazionale*, 502 F.Supp. 316, 318 (S.D.N.Y.1980). "The time limitations in Section 1446 are mandatory and must be strictly construed in accordance with the computation principles in Federal Rule of Civil Procedure 6." 14A Wright, Miller & Cooper, *Federal Practice and Procedure* § 3732 at 527 (1985). This court, as well as others, can find no case law in which the mandatory 30–day period is waived simply because the United States

been filed in court and is not required to be served on the defendant, whichever is shorter.
If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defend-

ant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable."

or a federal agency was a defendant. *See, e.g., Williams v. Farmers Home Administration,* 623 F.Supp. 1175, 1177 (D.C.Va. 1985). Where the government itself is not excused from complying with the time requirement of § 1446(b), it follows that even if a defendant, such as General Dynamics, should be found to be acting under the authority of a federal officer, it would still be required to comply with the time requirements of § 1446(b); its status as a person acting under a federal officer would provide no exception to the mandatory time requirements.

■ The final question raised is whether the plaintiffs have waived their right to object to the untimely removal of the instant action. Although the time provision of 28 U.S.C. § 1446(b) is mandatory, it is "merely a formal and modal requirement and is not jurisdictional." *Fristoe v. Reynolds Metal Co.,* 615 F.2d 1209, 1212 (9th Cir.1980) (citing *Grubbs v. General Electric Credit Corp.,* 405 U.S. 699, 702–04, 92 S.Ct. 1344, 1347–48, 31 L.Ed.2d 612 (1972); *Mackay v. Uinta Development Co.,* 229 U.S. 173, 176–77, 33 S.Ct. 638, 639, 57 L.Ed. 1138 (1913); 1A *Moore's Federal Practice and Procedure* ¶ 0.168[3–5] (1974 ed.,)). Therefore, there are instances in which a plaintiff may waive its right to object to untimely removal of an action. The type of post-removal conduct that has been held to constitute waiver of the right to remand is " 'affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand ...' " *Intercoastal Refining Company, Inc., v. Jalil,* 487 F.Supp. 606 (S.D.Texas 1980) (quoting *Maybruck v. Haim,* 290 F.Supp. 721 (S.D.N.Y.1968)); see also *Transport Indemnity Co. v. Financial Trust Co.,* 339 F.Supp. 405 (C.D. Cal.1972).

In the instant action, plaintiffs served their motion for remand on the defendants on Thursday, February 25, 1988—the same day as they filed a demand for a jury trial. The following Monday, plaintiffs filed the motion for remand. It should be noted that pursuant to the Southern District of California's Local Rule 220–9(c) [3], plaintiffs were required to serve their motion for remand on defendants before the motion could be filed with the court. It should also be noted, however, that in the instant case where defendants had not filed an answer to the complaint at the time of removal, plaintiffs could have waited until 10 days after receipt of service of defendants' answer to the complaint to file their petition for a jury trial. *See,* Fed.R.Civ.P. 81; Fed.R.Civ.P. 38(b); see also, *Bonney v. Canadian Nat. Ry. Co.,* 100 F.R.D. 388, 391 (D.Me.1983). General Dynamics, therefore, claims that plaintiffs are estopped to object to the removal of the case, because by filing and serving a demand for jury trial they have availed themselves of the court's procedures and thereby have waived any objections to untimely removal.

■ To protect their position, the better procedure would have been for plaintiffs to have waited to file the jury demand until required to do so by the federal rules, or to have filed with the jury demand a statement that their request was not to be considered as a waiver of the right to object to removal. Nonetheless, where plaintiffs served defendants with a motion to remand within one week of defendants filing a petition for removal, plaintiffs' acts cannot be found to constitute unequivocal assent to the jurisdiction of the court. Plaintiffs' delay of a few days in filing the motion to remand with the court did not work any prejudice on the defendants, as they had already been served with the remand motion. Plaintiffs' filing of a jury demand on the same day as they served defendants with a motion to remand cannot be considered unequivocal assent to the court's jurisdiction which would render it unfair to remand the case. Affirmative acts which are deemed to manifest a party's unequivocal assent to the court's jurisdiction must not be measured by a mere mechanical test. Rather, such acts must demonstrate

---

**3.** Rule 220–9(c) of the United States District Court for the Southern District of California provides in relevant part:

"... Motions, notices of motions, oppositions and supporting documents shall not be accepted for filing unless accompanied by proof of service demonstrating either hand-delivery or compliance with this section's mailing provisions. [Added 8–1–84.]"

an intent by the party to use the court's jurisdiction for adjudication of a substantial right. *See, Maybruck v. Haim,* 290 F.Supp. 721 (S.D.N.Y.1968). When plaintiffs' acts are viewed as a whole, their filing a jury demand with the court cannot be deemed a waiver of the right to challenge the untimely removal of this suit from state court.

ACCORDINGLY, for the foregoing reasons, this court finds that the instant action was improvidently removed from the state court and must be remanded pursuant to 28 U.S.C. § 1447(c).[4]

IT IS HEREBY ORDERED that the plaintiffs' Motion to Remand is GRANTED.

IT IS SO ORDERED.

---

**4.** 28 U.S.C. § 1447(c) provides:

"(c) If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case."