**STUDENT A., By and Through her Guardian ad Litem, MOTHER OF STUDENT A., Plaintiff,**

v.

**Michael METCHO, Mt. Diablo Unified School District, and Does 1 through 100, Defendants.**

No. C–89–0150–WWS.

United States District Court, N.D. California.

April 13, 1989.

Michael McCabe, Trembath, McCabe, Schwartz, Evans & Levy, Concord, Cal., Nancy Bourne, Breon, O'Donnell & Miller, San Francisco, Cal., for plaintiff.

Sue Gouge Williams, Thiessen, Gagen & McCoy, Danville, Cal., for defendants.

## ORDER

SCHWARZER, District Judge.

This action was filed on August 17, 1988 in the Superior Court of Contra Costa County. After defendants demurred in state court, plaintiff filed an amended complaint which was served by mail on defendants on December 15, 1988. Defendants filed a notice of removal on January 19, 1989, thirty-five days later. Plaintiff filed a motion to remand on March 8, 1988.

### I. *Timeliness of Removal*

Notice of removal must be filed within thirty days after receipt by the defendant of a copy of the initial pleading or, if the case stated by the initial pleading is not removable, within thirty days after receipt of a copy of an amended pleading that indicates that the action is removable. 28 U.S.C. § 1446(b).

■ Defendants contend that the case stated by the original complaint was not removable. However, the original complaint charged that defendants "violated the personal and constitutional rights of plaintiff under the laws of the State of California, including its Constitution, and the Constitution of the United States." Though vague and uncertain, these allegations were sufficient to give notice that a federal claim was being asserted. Thus the time to remove began to run from service of the original complaint.

Moreover, even if the original complaint was not removable, defendants had thirty days after the receipt "through service or otherwise" of the amended complaint to file their removal notice. 28 U.S.C. § 1446(b). The prevailing view among the district courts appears to be that service is required for the time to begin to run. *See Thomason v. Republic Ins. Co.*, 630 F.Supp. 331 (E.D.Cal.1986), and cases cited therein.

■ Defendants contend that, because the amended complaint was served by mail,

under California Code of Civil Procedure section 1013(a) they are entitled to an extension of five days within which to file their notice of removal.[1] Thus, they contend that removal was timely because it was made within thirty-five days of mailing of the amended complaint.

However, although state law determines when service is made, federal law defines the procedure for the federal removal statute. *See Chicago, Rock Island & Pacific R.R. v. Stude*, 346 U.S. 574, 580, 74 S.Ct. 290, 294, 98 L.Ed. 317 (1954). Federal Rule of Civil Procedure 6 governs computation of time for purposes of that statute. *Owens v. General Dynamics Corp.*, 686 F.Supp. 827, 829 (S.D.Cal.1988) ("The time limits in Section 1446 ... must be strictly construed in accordance with the computation principle in Federal Rule of Civil Procedure 6.") (quoting 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, § 3732, p. 527 (2d ed. 1983)); *Williams v. Farmers Home Administration*, 623 F.Supp. 1175, 1176 (E.D.Va.1985) (same); *see also Oseekey v. Spaulding Fibre Co.*, 655 F.Supp. 1119, 1122 n. 4 (W.D.N.Y.1987) (applying Rule 6 to section 1446(b)); *Johnson v. Harper*, 66 F.R.D. 103, 104–05 (E.D.Tenn.1975) (same); *Boulet v. Millers Mut. Ins. Ass'n of Illinois*, 36 F.R.D. 99, 100–01 (D.Minn.1964) (same). Rule 6(e) provides that

> [w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

Though the rule does not specify when the period begins to run, presumably the purpose of the rule is to allow time for transmittal through the mails. Thus, the time began to run upon deposit of the amended complaint in the mail on December 15, 1988 when, under state law, service

1. Section 1013(a) provides that

    In case of service by mail ... [t]he service is complete at the time of the deposit, but any prescribed period of notice and any right or duty to do any act ... within any prescribed period ... after the service of such document served by mail shall be extended five days.

was complete, Cal.Civ.Proc.Code § 1013(a). Therefore, the thirty-three day period expired on January 17, 1989, two days before defendants filed their notice of removal.

The removal of either complaint was therefore untimely.

## II. *Waiver of Right to Remand*

■ Defendants contend that plaintiff waived her right to move for remand by filing a demand for a jury trial. Federal Rule of Civil Procedure 81(c) requires that such a demand be filed within 10 days of removal. Plaintiffs must therefore necessarily act promptly to protect their right to jury trial, should the action not be remanded. It would be a rare case in which a remand motion could be filed and decided within this 10-day period. There is therefore no sense in treating the filing of a jury demand as a waiver of the right to remand. *See Owens*, 686 F.Supp. at 830–31 (filing of prior jury demand does not waive right to remand when no prejudice to defendant).

## III. *Timeliness of Remand Motion*

■ The Judicial Improvements and Access to Justice Act of 1988 does, however, limit the time within which a plaintiff may move for remand. Pub.L. No. 100–702 § 1016 (Nov. 19, 1988). As amended, 28 U.S.C. § 1447(c) provides that a motion to remand must be filed within 30 days from the removal of the action. Plaintiff's motion was filed more than 30 days after removal.

Defendants did not raise the objection of untimeliness. Because that objection does not go to subject matter jurisdiction it is waivable. *Mackay v. Uinta Dev. Co.*, 229 U.S. 173, 176–77, 33 S.Ct. 638, 639, 57 L.Ed. 1138 (1913). While it might be argued that plaintiff should be held to the statutory time constraints as strictly as the removing defendants, there is a well-settled presumption in favor of remand. *See, e.g., Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir.1985). Thus, the Court may construe an opposition to a remand motion strictly and decide it on the basis of the ground asserted.

For the reasons stated, the action is remanded to the Superior Court of Contra Costa County.

IT IS SO ORDERED.