# MACKAY v. UINTA DEVELOPMENT COMPANY.

## CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 190.  Argued March 14, 17, 1913.—Decided May 26, 1913.

Where the defects in service of process and in procedure in the state court are waivable, and after removal there is presented to the Circuit Court a controversy involving more than $2,000 and between citizens of different States, that court has jurisdiction and the method of getting the case before the court cannot operate to deprive it of jurisdiction.

Removal proceedings are in the nature of process to bring the parties before the Federal court.

The defendant may waive defects in removal proceedings if jurisdiction actually exists, and if he does so the court will not of its own motion inquire into the regularity of the proceedings.

THE facts, which involve the validity of the removal of this cause from the state to the Federal court and the jurisdiction of the latter thereover, are stated in the opinion.

*Mr. Barnard J. Stewart*, with whom *Mr. Charles B. Stewart, Mr. Samuel W. Stewart* and *Mr. Daniel Alexander* were on the brief, for plaintiff in error.

*Mr. John W. Lacey* for defendant in error.

MR. JUSTICE LAMAR delivered the opinion of the court.

On December 8, 1908, the Uinta Development Company, a corporation of the State of Wyoming, brought an action in a Wyoming court against John C. Mackay, a resident and citizen of Utah, to recover $1,950 damages

for a trespass upon land of the Development Company, situated in Wyoming.

On January 8, 1909, Mackay duly filed his answer. On March 2 the plaintiff, by leave-of court, filed an amended petition, which Mackay answered. On May 3 he filed an amended answer, which, in addition to denying many of the allegations of the amended petition, set up a counter-claim for $3,000 damages.

The claims of the parties were so related that either could have been interposed as a counter-claim to the other; or they could have been determined in different suits—subject to the provision that, under the Wyoming statute, a defendant who failed to set up his counter-claim and subsequently made it the subject of a separate action could not recover costs if he prevailed therein. No Federal question was presented in the plaintiff's suit or defendant's original answer, but Mackay's amended answer and counter-claim were grounded upon certain statutes of the United States. This counter-claim for $3,000 was filed after the expiration of the time in which he was required to plead to the original petition.

But, notwithstanding the delay, Mackay, the non-resident, without objection on the part of the Development Company, filed in the state court a petition to remove the case to the United States Circuit Court for the District of Wyoming. An order removing the case was granted on the theory that the parties were citizens of different States; that the construction of the Federal statutes was necessarily involved, and that the amount in dispute, as disclosed by the counter-claim, exceeded $2,000. The transcript was duly filed in the United States court. Both parties appeared. The plaintiff filed in the United States court a reply to Mackay's counter-claim, and the case, which was docketed as "*Uinta Development Company* v. *John C. Mackay*," was submitted to the court for determination without a jury.

Judgment was entered in favor of the Development Company and thereupon Mackay took the case to the Circuit Court of Appeals, assigning errors relating to rulings made in the course of the trial, but neither party raised any question as to its power to determine the cause. On these facts the Circuit Court of Appeals certified to this court various questions as to whether Mackay could remove the case to the United States court, among them the following:

4. "Assuming that the removal at the instance of Mackay was not in conformity with the removal statute, and assuming that as respects his claim against the Development Company all the jurisdictional elements were present which were essential to enable the Circuit Court to take cognizance thereof, if he had commenced an action thereon in that court, and assuming that in such an action the Development Company lawfully could have set up its claim as a counter-claim and thereby have enabled the court to take cognizance thereof, Did the parties by appearing in the Circuit Court and there litigating both claims to a final conclusion in a single cause, without any objection to the jurisdiction of the court or to the manner in which its jurisdiction was invoked, enable that court to take cognizance of the controversy and to proceed to a final judgment therein with like effect as if they had invoked the jurisdiction of that court in the first instance through an action commenced therein by Mackay upon his claim and through the interposition by the Development Company of its claim as a counter-claim in that action?"

This question must be answered in the affirmative and that fact makes it unnecessary to consider the status of the parties in the state court and who was technical plaintiff and who technical defendant, or whether Mackay, a non-resident defendant, sued in a state court for $1,950, could, by filing a counter-claim for $3,000, acquire the

right to remove the case to the United States court. The case was removed in fact, and, while the parties could not give jurisdiction by consent, there was the requisite amount and the diversity of citizenship necessary to give the United States Circuit Court jurisdiction of the cause. The case, therefore, resolves itself into an inquiry as to whether, if irregularly removed, it could be lawfully tried and determined.

Removal proceedings are in the nature of process to bring the parties before the United States court. As in other forms of process, the litigant has the right to rely upon the statute and to insist that, in compliance with its terms, the case shall be taken from the state to the Federal court in the proper district, on motion of the proper person, at the proper time, and on giving the proper bond. But these provisions are for the benefit of the defendant and intended to secure his appearance. When that result is accomplished by his voluntary attendance, the court will not, of its own motion, inquire as to the regularity of the issue or service of the process,—or, indeed, whether there was any process at all, since it could be waived, in whole or in part, either expressly or by failing seasonably to object. *Powers* v. *C. & O. Ry.*, 169 U. S. 92, 98.

What took place in the state court may, therefore, be disregarded by the court because it was waived by the parties, and regardless of the manner in which the case was brought or how the attendance of the parties in the United States court was secured, there was presented to the Circuit Court a controversy between citizens of different States in which the amount claimed by one non-resident was more than $2,000, exclusive of interest and costs. As the court had jurisdiction of the subject-matter the parties could have been realigned by making Mackay plaintiff and the Development Company defendant, if that had been found proper. But if there was any irreg-

ularity in docketing the case or in the order of the pleadings such an irregularity was waivable and neither it nor the method of getting the parties before the court operated to deprive it of the power to determine the cause.

*The Fourth question certified to us by the Circuit Court of Appeals is answered in the affirmative.*