826 F.2d 643
 UNITED STATES of America, for the Use of OWENS-CORNING
FIBERGLASS CORPORATION, Petitioner,
v.
BRANDT CONSTRUCTION COMPANY, a partnership, et al., Defendants.
Charles BRANDT and Henry Brandt d/b/a Brandt Construction
Company, a partnership, Plaintiffs-Appellees,
Cross-Appellants,
v.
UPTOWN NATIONAL BANK OF MOLINE, a national banking
corporation, Defendant- Appellant, Cross-Appellee.
 Nos. 86-1993, 86-2078.
 United States Court of Appeals,
Seventh Circuit.
 Argued April 16, 1987.
Decided Aug. 11, 1987.
 
 1
 G. Trent Marquis, Thomas A. Skorepa, Klockau, McCarthy & Ellisom & Marquis, Rock Island, Ill., for defendant-appellant.
 
 
 2
 Robert J. Noe, Bozeman, Neighbour, Patton & Noe, Moline, Ill., for plaintiffs-appellees.
 
 
 3
 Before WOOD and EASTERBROOK, Circuit Judges, and WILL, Senior District Judge.*
 
 
 4
 WILL, Senior District Judge.
 
 
 5
 This is an appeal from a judgment in favor of plaintiffs-appellees ("Brandt") entered after a jury trial--in fact two jury trials--in district court. At oral argument, this court raised the question whether the district court had acquired jurisdiction upon removal from state court. Both sides filed supplemental briefs, Brandt contending that the district court had jurisdiction and defendant-appellant Uptown National Bank ("Uptown") maintaining that it did not. Because we find that the district court lacked jurisdiction, we vacate the judgment and remand to the district court with instructions to remand to the state court.
 
 I.
 
 6
 The background of the case is as follows: Brandt was awarded two construction contracts from the federal government, necessitating the posting of performance and payment bonds under the Miller Act, 40 U.S.C. Secs. 270a-270d (1982). Brandt subcontracted with DeVolder Roofing Company for the roofing phase of the project. DeVolder, short of funds, turned to Uptown for financing. DeVolder had previously obtained financing from Uptown on other jobs and had outstanding debts owing to Uptown.
 
 
 7
 Uptown agreed to open up a line of credit for DeVolder's use on the project. After a meeting between representatives of Brandt, DeVolder, and Uptown, Brandt agreed to have its checks to DeVolder also name Uptown as a payee. At trial, Charles Brandt testified that Uptown promised to ensure that all of DeVolder's bills, including those of suppliers, were paid.
 
 
 8
 Throughout most of the construction period, everything went according to plan. Then, in October 1982, Brandt made its final payment to DeVolder by a check for $64,734 payable jointly to DeVolder and Uptown. Brandt was unaware that some of DeVolder's suppliers, including Owens-Corning Fiberglass Corporation, remained unpaid. DeVolder asked Uptown not to apply the check from Brandt to DeVolder's preexisting debt, but to the claims of suppliers. Uptown refused; as a result, DeVolder fell short of funds to pay Owens-Corning. DeVolder subsequently went bankrupt.
 
 
 9
 Owens-Corning filed a Miller Act claim against Brandt and Brandt's surety in federal court. Brandt sued Uptown in state court; Uptown removed the case to federal court where it was consolidated with the previously filed Owens-Corning case. In the Owens-Corning case, apparently without substantial opposition, the district court found Brandt liable under the bond for $59,883. That judgment has not been appealed. In the removed case, Brandt v. Uptown, Uptown moved for summary judgment on both counts of Brandt's complaint. The district court, apparently construing count I as a Miller Act claim,[1] found that Brandt had failed to state a cause of action and granted the motion in part. As to count II, charging a breach of fiduciary duty under state law, the district court denied the motion and the case proceeded to trial on that claim.
 
 
 10
 In the first trial, the jury awarded Brandt $59,883 in actual damages and $158,000 in punitive damages. The district court ordered a remittitur of the punitives to $25,000, which Brandt rejected, necessitating a new trial limited to the subject of punitive damages. After the second trial, the jury awarded $125,000 in punitive damages, and the district court denied all post-trial motions. Uptown appealed and Brandt cross-appealed from the entry of summary judgment on count I.
 
 II.
 
 11
 Though the parties raise numerous issues concerning the conduct of the trials below, we begin--and end--with the jurisdictional question: Was this case properly removed to federal court, and if not, can Brandt preserve its judgment under any theory?
 
 
 12
 In general, a case may be removed from state to federal court only if it could have been filed in the federal court originally. 28 U.S.C. Sec. 1441(a), (b). For a case to be removable, therefore, the basic elements of federal subject matter jurisdiction--diversity or a federal question--must be present. Here, the state court case, Brandt v. Uptown, was solely between Illinois citizens,[2] leaving the pendency of a federal question as the only possible basis for removal. The district court treated count I of Brandt's complaint as a claim under the Miller Act, which if correct would seem to provide the requisite federal question. (Under this view, count II would be a pendent claim also within the district court's original jurisdiction. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ). For reasons we explain below, however, count I--even if it were a Miller Act claim--would not suffice to establish removal jurisdiction.
 
 
 13
 The Miller Act provides that suits under the Act "shall be brought ... in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere...." 40 U.S.C. Sec. 270b(b) (emphasis added). Federal courts unanimously have read this language as establishing that jurisdiction of Miller Act claims is exclusively federal. See, e.g., United States Fidelity & Guaranty Co. v. Hendry Corp., 391 F.2d 13 (5th Cir.), cert. denied, 393 U.S. 978, 89 S.Ct. 446, 21 L.Ed.2d 439 (1968); Koppers Co. v. Continental Casualty Co., 337 F.2d 499 (8th Cir.1964) (Blackmun, J.); Blanchard v. Terry & Wright, Inc., 331 F.2d 467 (6th Cir.), cert. denied, 379 U.S. 831, 85 S.Ct. 62, 13 L.Ed.2d 40 (1964); United States ex rel. Brandt Electric Co. v. Aetna Casualty & Surety Co., 297 F.2d 665 (2d Cir.1962). Until very recently, cases within exclusive federal jurisdiction could not be removed from state court; since removal is a derivative jurisdiction, the theory went, a district court could not acquire jurisdiction via removal of a case that was never properly before the state court. See Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co., 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922); Illinois v. Kerr-McGee Chemical Corp., 677 F.2d 571 (7th Cir.), cert. denied, 459 U.S. 1049, 103 S.Ct. 469, 74 L.Ed.2d 618 (1982); Koppers, supra. Congress recently abrogated this rule by amendment of the removal statute, but the amendment applies only to cases filed in state court after June 19, 1986. See Pub.L. 99-336, Sec. 3(a), 100 Stat. 637 (codified at 28 U.S.C. Sec. 1441(e)).[3] This case was filed years earlier. Even viewing count I as a Miller Act claim, therefore, the removal was improper.
 
 
 14
 In its supplemental briefs, Brandt maintains that count I is premised not on the Miller Act, but on state law. Supp. Br. of Plaintiff-Appellee at 4-6. Characterizing count I as a state law claim resolves the derivative jurisdiction dilemma, but it leaves us with neither diversity nor a federal question. A dispute between non-diverse parties involving only state law claims is not, absent some special statutory authority, removable to federal court.
 
 
 15
 Brandt's alternative argument, based on the doctrine of Grubbs Tire & Appliance v. General Electric Credit Corp., 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612, (1972), is somewhat closer to the mark. In Grubbs, the Court reaffirmed a longstanding rule that district court judgments entered after an improper removal may be upheld in cases where the district court would have had original jurisdiction of the case as it stood at the time of trial or judgment. 405 U.S. at 702-04, 92 S.Ct. at 1347-48; see American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951); Mackay v. Uinta Development Co., 229 U.S. 173, 33 S.Ct. 638, 57 L.Ed. 1138 (1913); Baggs v. Martin, 179 U.S. 206, 21 S.Ct. 109, 45 L.Ed. 155 (1900). Grubbs tends to mitigate the harshness of adhering strictly to the peculiarities of removal doctrine without--and the qualification that follows is essential--permitting removal outside the limits of original jurisdiction. See Finn, 341 U.S. at 17-18, 71 S.Ct. at 541-42.
 
 
 16
 If count I still formed a part of Brandt's case at the time of trial or judgment, and if it were based on federal law, Grubbs might enable us to preserve the judgment despite the improper removal. But each of the foregoing premises is erroneous First, at the time of trial and judgment only count II, based exclusively on state law, remained in the case. Had the case been filed in this posture, the district court would have lacked original jurisdiction, for neither diversity nor a federal question was present; Grubbs is therefore inapplicable. See Finn, 341 U.S. at 17-18, 71 S.Ct. at 541-542. Second, having examined Brandt's complaint, we believe that count I also was not based on the Miller Act or any other provision of federal law. Though count I mentions the Miller Act (as does count II), it does so only in passing; it neither purports to arise under the Act nor does it necessarily do so in fact.[4] Cf. Oglesby v. RCA Corp., 752 F.2d 272 (7th Cir.1985). The district court, while assuming that jurisdiction was present, expressed skepticism about the federal nature of count I, see supra note 1, and even Brandt now condedes that count I was premised solely on state law. We therefore conclude that neither count of Brandt's complaint arose under federal law; that removal was improper; and that the Grubbs doctrine is not available to preserve the judgment.
 
 
 17
 Brandt raises one final argument. It maintains that the district court, which already had jurisdiction over Owens-Cornings' action against Brandt, could take ancillary jurisdiction of this case by consolidating the two under Rule 42(a) of the Federal Rules of Civil Procedure. That rule empowers a district court to order the consolidation of "actions involving a common question of law or fact" that are "pending before the court." We agree that Owens-Corning was properly before the court under the Miller Act: as a supplier working on a federal construction project, Owens-Corning was entitled to sue the general contractor, Brandt, for DeVolder's default. See 40 U.S.C. Sec. 270b(a) (persons furnishing labor or material may sue for amount secured by payment bond). We also assume arguendo that this case and Owens-Corning involve a "common question of law or fact" within the meaning of the rule. But Rule 42(a) requires that both actions be "pending before the court" and an improperly removed action does not meet this criterion. McKenzie v. United States, 678 F.2d 571, 574 (5th Cir.1982); Appalachian Power Co. v. Region Properties, Inc., 364 F.Supp. 1273, 1277 (W.D.Va.1973). The district court therefore did not acquire jurisdiction over the improperly removed Brandt case by consolidating it with the related and properly filed Owens-Corning case.
 
 III.
 
 18
 We do not lightly undertake to vacate a judgment obtained after a full trial on liability and two trials on damages in the district court. After a full examination of the record and the applicable law, however, we are reluctantly persuaded that the district court lacked subject matter jurisdiction. In such circumstances, we have no choice but to vacate the judgment. As the Court in Finn stated, "To permit a federal trial court to enter a judgment in a case removed without right from a state court where the federal court could not have original jurisdiction of the suit even in the posture it had at the time of judgment, would by the act of the parties work a wrongful extension of federal jurisdiction and give district courts power the Congress has denied them." Finn, 341 U.S. at 18, 71 S.Ct. at 542.
 
 
 19
 The judgment is vacated and the case remanded to the district court with directions to remand the case to the Circuit Court of the Fourteenth Judicial Circuit, Rock Island County, Illinois, County Division. See id. at 18-19, 71 S.Ct. at 542-543; In Re Carter, 618 F.2d 1093, 1098 (5th Cir.1980), cert. denied, 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981).
 
 
 20
 VACATED A ND R EMANDED W ITH D IRECTIONS.
 
 
 
 *
 The Honorable Hubert L. Will, Senior District Judge of the Northern District of Illinois, is sitting by designation
 
 
 [1]
 Judge Mihm's opinion is somewhat unclear on this question. Though at one point he states that count I was "brought pursuant to the Miller Act, 40 U.S.C. Sec. 270a et seq.," at another he observes that "that is not a Miller Act proceeding. 595 F.Supp. 1117, 1118." (C.D.Ill.1984)
 
 
 [2]
 Uptown is an Illinois citizen by dint of 28 U.S.C. Sec. 1348, which states that "All national banking associations shall ... be deemed citizens of the States in which they are respectively located."
 
 
 [3]
 The statute now states that "The court to which such civil action is removed is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." 28 U.S.C. Sec. 1441(e). The non-retroactivity of the amendment was established in Sec. 3(b) of Pub.L. 99-336, which provided that "The amendment made by this section shall apply with respect to claims in civil actions commenced in State courts on or after the date of the enactment of this section [June 19, 1986]."
 
 
 [4]
 Count I appears to be based on a common law theory of misapplication of funds. See Restatement (Second) of Contracts Sec. 260 (1979). In any event, it is not based on the Miller Act. The Miller Act requires contractors working on federal construction projects to post performance and payment bonds for the protection of the United States and persons furnishing labor or material. 40 U.S.C. Sec. 270a. While subcontractors and suppliers who are not paid for their work may sue in the name of the United States for the amount secured by the payment bond, 40 U.S.C. Sec. 270b, the Act does not provide a remedy for general contractors, like Brandt, who suffer liability under the bond due to the actions of third parties