*743
 

 ORDER REMANDING CASE TO STATE COURT
 

 KAY, Chief Judge.
 

 BACKGROUND
 

 This case arises from an alleged breach of an employment contract between plaintiff Cindy Petrop and defendant Lassen Art Publications, Inc. (“LAPI”).
 

 On December 4,1995, the Court issued an order to show cause why this case should not be remanded for improper removal, on the grounds that (1) complete diversity of citizenship must exist both at the time the original action was filed in state court and at the time of removal; and (2) at the time this action was commenced in state court, it appeared that defendant LAPI was a nondiverse Hawaii corporation.
 

 On December 5, 1995, the parties filed briefs in response to the Court’s order to show cause. Petrop (1) contends the action should be remanded because LAPI in fact was a Hawaii corporation at the time she commenced her action in state court; and (2) requests attorneys’ fees and costs for improper removal pursuant to 28 U.S.C. § 1447(c).
 

 Defendants LAPI and Jona-Marie Price admit that at the time of commencement of the state court action, LAPI was a Hawaii corporation. Defendants contend, however, that removal was proper here because prior to removal, LAPI merged with its sister corporation in Nevada and became a Nevada corporation.
 

 On December 7, 1995, the Court held a hearing on its order to show cause. Plaintiff Petrop and defendants LAPI and Price appeared through counsel. Upon considering the papers submitted by the parties, the arguments of counsel and the record, the Court hereby ORDERS that this case be REMANDED to state court and DENIES Petrop’s request for attorneys’ fees and costs.
 

 PROCEDURAL HISTORY
 

 On May 27, 1994, plaintiff Petrop, then a resident of Hawaii, filed an action in Hawaii Circuit Court against defendant LAPI, her former employer. At the time, LAPI was a Hawaii corporation.
 
 [1]
 

 On October 16, 1994, LAPI merged with its sister corporation in Nevada, thereby allegedly becoming a Nevada citizen.
 
 [2]
 

 On September 27, 1994, counsel for LAPI received a letter from counsel for Petrop indicating Petrop’s intent to file a first amended complaint adding defendant JonaMarie Price, a resident of Nevada and the president of LAPI during the relevant period. On October 25, 1994, counsel for defendants LAPI and Price telephoned counsel for Petrop and confirmed that LAPI would stipulate to the filing of the first amended complaint and that counsel for Defendants would accept service on behalf of LAPI and Price.
 

 On October 26, 1994, Price, with no objection by Lassen, filed a notice of removal attaching the original and first amended complaints as exhibits. The caption of the notice lists defendants Lassen
 
 and
 
 Price even though the first amended complaint adding Price had not yet been filed in state court.
 

 On November 2, 1994, Petrop’s first amended complaint was filed in federal district court. On June 15, 1995, Petrop filed a second amended complaint.
 

 On September 13, 1995, pursuant to an accepted offer of judgment under F.R.C.P.
 
 *744
 
 68, judgment was entered by the clerk’s office in favor of LAPI and against Petrop, in the sum of $250, with respect to LAPI’s counterclaim against Petrop.
 

 LAPI’s motion to dismiss and for summary judgment currently is set for hearing on December 11,1995.
 

 DISCUSSION
 

 I.
 
 REMOVAL JURISDICTION
 

 “Removal jurisdiction is statutory and strictly construed.”
 
 Gould v. Mut. Life Ins. Co. of New York,
 
 790 F.2d 769, 773 (9th Cir.1986);
 
 see also Libhart v. Santa Monica Dairy Co.,
 
 592 F.2d 1062, 1064 (9th Cir. 1979);
 
 Salveson v. Western States Bankcard Assoc.,
 
 525 F.Supp. 566 (N.D.Cal.1981) (“[DJoubt [is] resolved in favor of remand.”).
 

 “The burden of establishing federal jurisdiction falls on the party invoking removal.”
 
 Harris v. Provident Life and Accident Ins. Co.,
 
 26 F.3d 930 (9th Cir.1994) (quoting
 
 Gould,
 
 790 F.2d at 771);
 
 see also Lew v. Moss,
 
 797 F.2d 747, 749 (9th Cir.1986) (party asserting diversity jurisdiction bears burden of proof of diversity).
 

 The court must raise lack of subject matter or removal jurisdiction
 
 sua sponte
 
 even where the parties consent to federal jurisdiction.
 
 See
 
 28 U.S.C. § 1447(c) (“If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.”);
 
 Harris,
 
 26 F.3d at 932 (“Although no objection was made to removal, we must still address whether federal jurisdiction exists.”);
 
 Kalawe v. KFC Nat’l Management Co.,
 
 1991 WL 338566 (D.Haw.1991) (“Although [plaintiff] does not raise the issue of diversity jurisdiction, this court is required to raise it
 
 sua
 
 sponte---- A federal court will remand on its own initiative if, at any time prior to the final judgment, it should appear that the case was removed improperly.”).
 

 “An order remanding a ease to the state court [from] which [the case] was removed under 28 U.S.C. § 1441(b) is not reviewable on appeal or otherwise.”
 
 Libhart,
 
 592 F.2d at 1065 (citing 28 U.S.C. § 1447(d)). Here, the instant case was removed on the basis of diversity, pursuant to 28 U.S.C. § 1441(b).
 

 “Federal courts look only to a plaintiffs pleadings to determine removability---- Diversity is generally determined from the face of the complaint.”
 
 Gould v. Mut. Life Ins. Co. of New York,
 
 790 F.2d 769, 773 (9th Cir.1986) (citing
 
 Self v. General Motors Corp.,
 
 588 F.2d 655, 657 (9th Cir. 1978) and
 
 Miller v. Grgurich,
 
 763 F.2d 372, 373 (9th Cir.1985));
 
 see also Westinghouse Elec. Corp. v. Neuman & Holtzinger, P.C.,
 
 992 F.2d 932, 934 (9th Cir.1993).
 

 “In determining the existence of removal jurisdiction, we ordinarily look to the complaint as originally filed, and not as amended.”
 
 Harris v. Provident Life and Accident Ins. Co.,
 
 26 F.3d 930, 932 (9th Cir.1994) (citing
 
 O’Halloran v. University of Washington,
 
 856 F.2d 1375, 1379 (9th Cir. 1988)).
 

 In addition, “diversity must exist at the time the original action was filed [in state court] as well as at the time the petition for removal is filed.”
 
 Kaneshiro v. North American Co. for Life and Health Ins.,
 
 496 F.Supp. 452, 455 (D.Haw.1980);
 
 see also Strasser v. KLM Royal Dutch Airlines,
 
 631 F.Supp. 1254, 1256 (C.D.Cal.1986) (rule is “well established”); 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper,
 
 Federal Practice and Procedure
 
 § 3723, p. 312 (1985) (“The purpose of requiring diversity to exist at both times apparently is to prevent a nondiverse defendant from acquiring a new domicile after commencement of the state suit and then removing on the basis of the newly created diversity of citizenship.”).
 

 II.
 
 THE PARTIES’ CONTENTIONS
 

 Petrop agrees that for removal jurisdiction on the basis of diversity to exist, complete diversity must exist at the time the action was commenced in state court and at the time of removal — changes in a party’s citizenship subsequent to the filing of the original complaint in state court do not make a case removable or create removal jurisdic
 
 *745
 
 tion.
 
 [3]
 

 See, supra,
 
 Section I; see
 
 also Stevens v. Nichols,
 
 130 U.S. 230, 231, 9 S.Ct. 518, 518, 32 L.Ed. 914 (1889) (“The case was not removable from the state court, unless it appeared ... that at the commencement of the action, as well as when the removal was asked, [defendants] were ... [diverse].”);
 
 Atlanta Shipping Corp. v. Int’l Modular Housing, Inc.,
 
 547 F.Supp. 1356, 1360 (S.D.N.Y.1982) (“The general rule is that diversity must exist both at the time of filing in state court and at the time of removal.”);
 
 Seaboard Fin. Co. v. Davis,
 
 276 F.Supp. 507, 510 (N.D.Ill.1967) (“It is well settled that diversity of citizenship is determined as of the date of commencement of the action— If there is no diversity at that time, it cannot be created by a subsequent change of domicile by one of the parties.”);
 
 Goff v. Michelin Tire Corp.,
 
 837 F.Supp. 1143, 1144 (M.D.Ala. 1993) (“The fact that Goff is now a Florida citizen does not change the situation existing at the time this ease was first filed. In order for defendants to be able to remove this case to federal court based on diversity, diversity must have existed at both the time the complaint was originally filed and at the time of removal.”);
 
 Tyler v. Bonaparte’s Fried Chicken, Inc.,
 
 610 F.Supp. 58, 60 (M.D.La. 1985) (“[C]hange of citizenship through the merger ... had no effect on the creation of diversity jurisdiction and, therefore, did not make the action removable. Diversity jurisdiction is a matter that is determined at the commencement of a suit.”);
 
 Gresham Park Community Org. v. Howell,
 
 652 F.2d 1227, 1237 n. 25 (5th Cir.1981) (“Certainty is also served by not allowing an event, whether a change in citizenship or the issuance of a state court order, occurring during the pendency of the suit to create jurisdiction; the parties and judge would encounter uncertainty in determining the existence of jurisdiction when crucial facts could change. Thus federal jurisdiction must be determined under the facts as of the date of the filing of the complaint.”).
 

 Defendants make two arguments that removal was proper: (1) the addition of an entirely new defendant, Price, “created [a] basis for diversity removal”
 
 (see
 
 Defendants’ Brief, at 5 n. 7), citing
 
 Eltman v. Pioneer Comm. of Am., Inc.,
 
 151 F.R.D. 311, 317 (N.D.Ill.1993); and (2) “[t]he Ninth Circuit’s decision [in
 
 Harris v. Provident Life & Accident Ins. Co.,
 
 26 F.3d 930, 932 (9th Cir.1994) (citing
 
 Grubbs v. Gen. Elec. Credit Corp.,
 
 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972))] holds that the District Courts may look prospectively to the time of judgment to determine whether there is removal jurisdiction and need not look back retrospectively to the original complaint”
 
 (see
 
 Defendant’s Brief, at 6-7).
 

 The Court finds neither argument persuasive. First, even assuming adding defendant Price made a difference, she was not added as a defendant until Petrop’s first amended complaint was filed in federal court,
 
 after
 
 removal. Moreover,
 
 Eltman v. Pioneer Comm. of Am., Inc.,
 
 151 F.R.D. 311 (N.D.Ill. 1993), is inapposite because there the earlier-named defendant was diverse at the time of filing of the original complaint in state court and could have removed then had it wanted to.
 
 See id.,
 
 151 F.R.D. at 313-14.
 
 [4]
 

 Second,
 
 Harris v. Provident Life & Accident Ins. Co.,
 
 26 F.3d 930 (9th Cir.1994), announces no such rule of law as suggested by Defendants.
 
 Harris
 
 (along with its predecessors such as
 
 Grubbs
 
 and
 
 Mackay v. Uinta Dev. Co.,
 
 229 U.S. 173, 33 S.Ct. 638, 57 L.Ed. 1138 (1913)) holds that an appellate court need not vacate a district court final judgment on the merits where the case was improperly removed if the district court had original jurisdiction at the time of final judgment.
 
 See Harris,
 
 26 F.3d at 932 and n. 2 (in addition to final judgment after
 
 trial
 
 on merits,
 
 Grubbs
 
 rule applies also where merits reached on motion for summary judgment). This is an eminently sensible rule.
 

 Harris
 
 did not however, as Defendants suggest, effect an unprecedented change in
 
 *746
 
 removal law to hold that district courts now may test the propriety of removal by looking “prospectively to the time of judgment.” Were this to be so, defendants would be able to contend the existence of removal jurisdiction all the way up until final judgment, simply by telling the court that they intend to change their citizenship some time before final judgment is rendered.
 

 The Court finds that removal here was improper and that it lacks removal jurisdiction. Accordingly, the Court remands the case to state court. In addition, the Court vacates for lack of removal jurisdiction the Rule 68 judgment, filed September 13, 1995, on LAPI’s counterclaim.
 
 See Libhart v. Santa Monica Dairy Co.,
 
 592 F.2d 1062, 1066 (9th Cir.1979) (vacating partial summary judgment for lack of removal jurisdiction);
 
 Harris v. Provident Life and Accident Ins. Co.,
 
 26 F.3d 930, 932 and n. 2 (impliedly overruling
 
 Libhart
 
 to extent
 
 Grubbs
 
 rule applies where merits reached on motion for summary judgment). The Court finds that the Rule 68 judgment is not a “final judgment” on the merits that arguably can be upheld under
 
 Grubbs
 
 and its progeny despite improper removal.
 
 [5]
 

 The Court declines to award Petrop attorneys’ fees and costs, on the grounds that (1) Petrop failed to contest the removal prior to the Court’s order to show cause and (2) the Court finds that Defendants’ arguments, though unpersuasive, are not frivolous.
 

 CONCLUSION
 

 For the foregoing reasons, the Court ORDERS that this case be REMANDED to state court, VACATES the Rule 68 judgment filed September 13, 1995, and DENIES Petrop’s request for attorneys’ fees and costs.
 

 IT IS SO ORDERED.
 

 [1]
 

 . Petrop's original complaint in state court alleges that "[LAPI] is a Hawaii corporation, licensed to do business in the State of Hawaii, and doing business in the City and County of Honolulu.”
 
 See also
 
 Defendants’ Motion to Dismiss and for Summaiy Judgment, at 1 ("Defendant [LAPI] was formed in Hawaii less than a decade ago to promote and publish the various art work created by Christian Riese Lassen.”).
 

 [2]
 

 . In the case of a corporate defendant, its citizenship is deemed to be that of its state of incorporation and that of its principal place of business. 28 U.S.C. § 1332(c)(1). The Court notes that even if LAPI changed its state of incorporation on October 16, 1994, its principal place of business might have remained in Hawaii. Evidence on this point is unnecessary, however, in light of the Court’s finding that even assuming LAPI’s principal place of business also changed to Nevada on October 16, 1994, removal still was improper.
 

 [3]
 

 . At the hearing, for the record, counsel for Petrop objected to the removal and requested remand.
 

 [4]
 

 . The Court notes also that according to
 
 Eltman,
 
 "[a] removed matter must be remanded if there are any defects in the removal procedure.”
 
 Id.
 
 at 314 (citing
 
 Shaw v. Dow Brands, Inc.,
 
 994 F.2d 364, 366 (7th Cir.1993)).
 

 [5]
 

 . The Court's ruling, of course, requires that any sums paid by Petrop to Defendants pursuant to the Rule 68 judgment be returned to Petrop.