**WRS MOTION PICTURE AND VIDEO LABORATORY, Plaintiff,**

v.

**POST MODERN EDIT, INC., and Rick Warren, Defendants.**

No. SA CV 98–0018–GLT[gt].

United States District Court, C.D. California.

Jan. 29, 1999.

Wilburn Smith, III, Law Offices of Wilburn Smith, III, Laguna Niguel, CA, for Plaintiff.

James Hayes, Ashworth, Hayes & Moran, Laguna Niguel, CA, for Defendant.

### MEMORANDUM ON REMAND TO STATE COURT

TAYLOR, District Judge.

Where a local defendant removes on diversity grounds in violation of the 28 U.S.C. § 1441(b) "no-local-defendant" rule, a jurisdictional defect exists and remand may be ordered unless the matter has proceeded to judgment on the merits, and the federal court would have had jurisdiction had the case been filed in federal court in the posture it had at the time of judgment.

### I. *BACKGROUND*

Plaintiff, a Pennsylvania corporation, sued Defendants in California state court for contract breach and injunctive relief. Defendant Warren, a California citizen, removed the

case to this Court under 28 U.S.C. § 1441, *et seq.*, claiming diversity jurisdiction.

More than 30 days after notice of removal was filed, the Court held a status conference and noted jurisdiction was questionable due to Warren's California citizenship.

The Court observed that, under the "no-local-defendant" limitation of 28 U.S.C. § 1441(b), diversity removal was apparently not available when there is a local defendant. Both parties opposed remand to state court arguing that, although not yet decided in the Ninth Circuit, other Circuits have held the no-local-defendant limitation may be waived by the parties.

The Court held a violation of the "no-local-defendant" limitation is a jurisdictional defect in removal, and remand may be ordered if the matter has not already proceeded to judgment. The Court remanded the matter to state court, and now issues this memorandum of its ruling.

## II. *DISCUSSION*

■ Under 28 U.S.C. § 1441(a), unless a statute provides otherwise, an action is removable by defendants from state court to federal court based on diversity of citizenship. 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* ("Wright & Miller") § 3721, at 189 (1985).

■ However, in what is commonly called the "no-local-defendant" limitation, Title 28 U.S.C. § 1441(b) provides a case "shall be removable on the grounds of diversity jurisdiction only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." [1] 28 U.S.C. § 1441(b). *See* Schwarzer, et al., *Federal Civil Procedure Before Trial,* ¶ 2:625 and following (1997). As this case was removed on the ground of diversity, but removing Defendant Warren is a California citizen, removal was in violation of § 1441(b)'s "no-local-defendant" limitation.[2]

■ A short series of Supreme Court cases in somewhat analogous removal situations has held that removal defects would not defeat jurisdiction *if the matter had already proceeded to a judgment on the merits.* *Baggs v. Martin,* 179 U.S. 206, 21 S.Ct. 109, 45 L.Ed. 155 (1900); *Mackay v. Uinta Dev. Co.,* 229 U.S. 173, 33 S.Ct. 638, 57 L.Ed. 1138 (1913); and *Grubbs v. General Elec. Credit Corp.,* 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972). Noting similar language in *Baggs* and *Mackay,* the *Grubbs* Court observed "the issue in subsequent proceedings on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court." *Grubbs* at 702, 92 S.Ct. 1344.

Fixing on this or similar language from the Supreme Court cases, some Circuits that have considered the issue have gone well beyond *Baggs, Mackay,* and *Grubbs,* and have held removal defects do not defeat jurisdiction even where the matter had *not* proceeded to judgment on the merits. Most

---

1. Section 1441(b) adds an extra requirement which makes removal jurisdiction of diversity cases more limited than either removal jurisdiction of federal question cases, or jurisdiction of diversity cases originally brought in federal court. 14A Wright & Miller § 3723, at 308 (1985). "This is because removal based on diversity is available only if *none* of the parties in interest properly joined and served as a defendant is a citizen of the state in which the action is brought, a limitation not applicable to the removal of federal question cases or the federal courts' original jurisdiction over diversity cases." *Id.* at 308–09 (emphasis in original).

2. Title 28 U.S.C. § 1447(c) states "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . . If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Defects in subject matter jurisdiction are not waivable, *American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 17–18, 71 S.Ct. 534, 541–42, 95 L.Ed. 702 (1951), and may be raised by the court sua sponte. *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1194 n. 2 (9th Cir.1988). Even if no objection is made to removal or both sides stipulate to federal jurisdiction, district courts have an independent obligation to examine whether removal jurisdiction exists. *FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 230, 110 S.Ct. 596, 607, 107 L.Ed.2d 603 (1990); 13 Charles A. Wright & Arthur R. Miller § 3722, at 69–71 (1984).

have held the "no-local-defendant" limitation (28 U.S.C. § 1441(b)) is "procedural," not "jurisdictional," and therefore waivable even if the case has not gone to judgment. *E.g. Korea Exchange Bank v. Trackwise Sales Corp.*, 66 F.3d 46, 50 (3rd Cir.1995) (holding § 1441(b)'s bar against removal by a local defendant is not jurisdictional and must be the subject of a motion to remand within 30 days after filing the notice of removal or the defect is waived); *see* Schwarzer, et al., *Federal Civil Procedure Before Trial,* ¶ 2:629 (1997); *see also American Oil Co. v. McMullin*, 433 F.2d 1091, 1095 (10th Cir.1970) (local residence of some defendants may be waived by acquiescence of the parties where the plaintiff did not object and proceeded with the suit).

Only the Eighth circuit has concluded the "no-local-defendant" limitation is jurisdictional and cannot be waived unless the case has gone to final judgment. *Hurt v. Dow Chemical Co.*, 963 F.2d 1142 (8th Cir.1992).

While the present "no-local-defendant" issue has not been decided by the Ninth Circuit, this Circuit has declined in other situations to extend *Grubb's* analysis to cases that haven't gone to judgment. *See Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 342 (9th Cir.1996) ("Once judgment has been entered in a case that was removed to federal court, the question a court of appeals must ask in determining whether jurisdiction was proper changes slightly. The issue becomes not whether the removal was proper, but whether the district court had jurisdiction at the time it issued its judgment."); *Local Union 598, Plumbers & Pipefitters Industry Journeymen & Apprentices Training Fund v. J.A. Jones Const. Co.*, 846 F.2d 1213, 1215 (9th Cir.1988) ("In this circuit, *Grubbs* has been made applicable not only to judgments after trials on the merits but also determinations of summary judgment motions which dispose of the merits.... Where the plaintiff has made no objection to jurisdiction before judgment and the jurisdictional defect has been cured before the district court by the plaintiff's voluntary action, we see no reason not to apply *Grubbs* to judgments of dismissal on the merits."); *Dyer v. Greif Bros., Inc.*, 766 F.2d 398, 401 (9th Cir.1985) ("*Grubbs*

does not govern cases where the merits have not been reached...."); *see also Kruse v. State of Hawaii*, 68 F.3d 331, 333 (9th Cir. 1995) ("Where a party fails to object to removal and the case is tried on the merits, the threshold question on appeal is not whether the action was properly removed but 'whether the federal district court would have had original jurisdiction of the case' at final judgment."); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1066 (9th Cir.1979) ("The Supreme Court has recognized certain circumstances where a judgment of a district court may be upheld, even though there was no right to removal, if (1) the case is tried on the merits; and (2) the federal court would have had jurisdiction had the case been filed in federal court in the posture it had at the time of the entry of the final judgment.").

The limited reading to be given the Supreme Court cases seems to have been confirmed in the discussion of jurisdictional requirements in *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996).

Reading the Supreme Court and Ninth Circuit cases together, this Court concludes a violation of the 28 U.S.C. § 1441(b) "no-local-defendant" limitation creates a jurisdictional defect. The defect can be overcome if (1) the case proceeds to judgment on the merits, and (2) the federal court would have had jurisdiction had the case been filed in federal court in the posture it had at the time of judgment. However, the jurisdictional defect may be raised if the matter has not yet proceeded to judgment on the merits.

## III.  DISPOSITION

■ The violation of 28 U.S.C. § 1441(b) in this case was a jurisdictional defect. The matter had not gone to judgment. Therefore, remand was appropriate.