**GREEN TREE FINANCIAL CORP.,**
**a/k/a Green Tree Financial**
**Servicing Corp., Plaintiff,**

v.

**Max L. ARNDT and Douglas**
**K. Arndt, Defendants.**

**No. Civ.A. 98–1373–MLB.**

United States District Court,
D. Kansas.

Nov. 18, 1999.

Ross A. Hollander, Kasey A. Rogg, Martin, Churchill, Blair, Hill, Cole & Hollander, Chtd., Wichita, KS, Elizabeth W. Eckhart, Shapiro & Reid, Kansas City, for Green Tree Financial Corporation, counter–defendant.

Craig Shultz, Shultz, Lonker & Raymond, Wichita, KS, for Defendant.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This matter comes before the court upon Green Tree's objections (Doc. 23), pursuant to Fed.R.Civ.P. 72(b) and D.Kan.Rule 72.1.4(b), to a Report and Recommendation (Doc. 22) issued by Magistrate Judge Karen Humphreys. The Arndts did not respond to the objections. For the reasons discussed in this memorandum, the court rejects the recommendation that this matter be remanded to state court.

### I. BACKGROUND

On October 30, 1997, Green Tree filed a mortgage foreclosure action against the Arndts in state court. The Arndts filed a counterclaim alleging that Green Tree violated the "Kansas Consumer Protection Code" in its collection attempts and that it maliciously prosecuted the foreclosure action. On October 1, 1998, Green Tree's foreclosure action was dismissed with prejudice by stipulation of the parties, leaving the Arndts' counterclaim against Green Tree.

On October 15, 1998, Green Tree filed a notice of removal under 28 U.S.C. § 1446, seeking to invoke this court's jurisdiction pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332. In so doing, Green Tree represented itself as the defendant in this

court. Green Tree did not obtain an order from state court or this court changing its status from plaintiff to defendant. The Arndts never filed a motion to remand the action to state court.

Following removal of the case, Green Tree filed a motion to compel arbitration of the Arndts' claims and to stay proceedings pending arbitration (Doc. 7), which the Arndts opposed. The motion was referred to Magistrate Judge Humphreys. (Doc. 11). In a January 4, 1999 order (Doc. 18), Magistrate Judge Humphreys noted that 1) Green Tree, the initial state court plaintiff, removed the action, and 2) under the removal statutes, only a defendant may remove an action to federal court. She directed the parties to show cause why the action should not be remanded to state court.

Both parties responded to the show cause order (Docs. 19 and 21). Shortly thereafter, Magistrate Judge Humphreys submitted a report that Green Tree improperly removed the case and recommended that it be remanded to state court. Green Tree thereafter objected to the report on two grounds. First, Green Tree claims the report fails to consider precedent which permits the court to disregard the status of the parties as identified in the state court pleadings and to realign them according to their true interests in the action. *See, e.g., Williams v. Oklahoma Natural Gas Corp.*, 83 F.2d 986, 988 (10th Cir.1936) (applying the principle of realignment to determine whether diversity existed). Green Tree claims, after dismissal of its claims in state court, its true interest is that of a defendant, and therefore, removal was proper. Second, Green Tree argues the report improperly concludes the notice of removal was untimely.

## II. *STANDARD OF REVIEW*

 A district judge is required by 28 U.S.C. § 636(b)(1) to conduct a "de novo determination of those portions of [a magistrate judge's] report or specified proposed findings or recommendations to which objection is made." *See also* Fed. R.Civ.P. 72(b); *Northington v. Marin*, 102

F.3d 1564, 1570 (10th Cir.1996) (requiring a de novo review). Additionally, a court has discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" 28 U.S.C. § 636(b)(1). Considerable discretion is permitted when determining what reliance is placed upon the magistrate judge's findings and recommendations. *See Andrews v. Deland*, 943 F.2d 1162, 1170 (10th Cir.1991). However, failure to object to a factual finding or legal conclusion included in the magistrate judge's report results in a waiver of the right to appeal the particular issue to both the district court and the court of appeals. *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir.1996).

## III. *REALIGNMENT*

 The report concludes that Green Tree was not entitled to remove the current action to federal court under 28 U.S.C. § 1441. Section 1441(a) provides that a "defendant" may remove an action from state court if original jurisdiction exists in a federal district court. In *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), the Supreme Court concluded that Congress intended to preclude removal by a plaintiff, based upon a defendant's counterclaim, by specifically referring to "defendant or defendants" in the statutory precursor to § 1441. Quite simply, a plaintiff is not entitled to remove an action based upon a defendant's counterclaim. Relying on *Shamrock*, Magistrate Judge Humphreys concluded that Green Tree was not entitled to remove the action from state court on the basis of the Arndts' counterclaim. (Doc. 22 at 7).

 Green Tree claims, however, that the report does not address its argument that, upon dismissal of its foreclosure claim, it became a "defendant" entitled to remove under § 1441(a). Green Tree's argument is based on the principle of realignment in which a court scrutinizes the status of the suit and realigns the parties

according their interests at the time of removal. Employing the principle, Green Tree claims it was a "defendant" at the time of removal because the only claim left was the Arndts' counterclaim. Apparently, this is the reason Green Tree self-realigned itself as a defendant when it filed the notice of removal. However, regardless of the merits of its realignment argument, a party cannot realign itself. Realignment must be done by a court.[1]

Realignment is usually associated with a federal court's attempt to discern whether diversity jurisdiction is proper. *See, e.g.,* *Development Fin. Corp. v. Alpha Hous. & Health Care, Inc.,* 54 F.3d 156, 159 (3d Cir.1995) (explaining principles of realignment in determining jurisdiction). The principle has also been employed by numerous courts in the removal context. *See, e.g., Hill v. Maton,* 944 F.Supp. 695, 698 n. 4 (N.D.Ill.1996) (recognizing that courts may disregard state law labels and procedures thereby realigning the parties according to their real interests in the action at the time of removal); *Kenko Int'l, Inc. v. Asolo S.r.l.,* 838 F.Supp. 503, 505 (D.Colo.1993) (stating that principles of realignment are applicable in the context of removal). Some examples of courts' application of realignment in the removal context include: 1) splitting a removed action into two separate ones in order to maintain a portion of the original state court action, *see Hill,* 944 F.Supp. at 698; 2) determining whether an intervening party is a plaintiff or defendant for purposes of determining diverse citizenship at the time of removal, *see Kenko,* 838 F.Supp. at 505; and 3) aligning parties to determine whether all defendants join in removal of the action, *see Pennell v. Collector of Revenue,* 703 F.Supp. 823, 824 (W.D.Mo.1989).

Green Tree seeks to invoke realignment to establish its status as a defendant under § 1441(a). It cites numerous cases in support of realignment in the removal context and attests realignment is so common in instances similar to this one that there is a West Key Number on the subject. However, none of the cases cited, nor any other case of which the court is aware, have employed realignment principles to conclude that a state court plaintiff can become a defendant, for purposes of § 1441(a), entitled to remove after the dismissal of its self-appointed claims. Accordingly, *Shamrock's unequivocal* pronouncement barring removal on the basis of a counterclaim also holds true in the current scenario: "We can find no basis for saying that Congress, by omitting from the present statute all reference to 'plaintiffs,' intended to save a right of removal to some plaintiffs and not to others." 313 U.S. at 108, 61 S.Ct. at 872. There has been no subsequent legal development establishing that Congress intended to afford a removal right to a party in Green Tree's position.

Magistrate Judge Humphreys' report properly concluded that § 1441(a) and *Shamrock* prohibited Green Tree's removal of this action. The court's acceptance of the report on this point renders moot Green Tree's argument that it timely removed the action under 28 U.S.C. § 1446(b). However, for purposes of discussion, the court assumes the case was removed in an untimely fashion.

## IV. *SUA SPONTE REMAND AND PROCEDURAL DEFECTS IN REMOVAL*

■ Upon concluding the action was improperly removed, Magistrate Judge Humphreys' report recommends a *sua sponte* remand to state court. Although Green Tree has not specifically objected to the court's authority to remand an action on its own accord, the court has considerable discretion to review matters in the report

---

**1.** Contrary to Green Tree's, assertion, a party's own realignment of it status as a plaintiff or defendant is not consistent with over sixty years of realignment precedent. (*See* doc. 23 at 3). After initiation of a suit, the realignment of parties is a matter for the court to decide. The proper procedure is to file a motion with the court seeking realignment so that the court may decide the interests of the parties and the correct alignment.

which have not been expressly raised by objection. The court chooses to exercise this discretion in reviewing the assertion that the court has authority to remand the case despite the Arndts' failure to file a motion to remand.

## A. SUA SPONTE REMAND

█ The report recognizes that the Tenth Circuit has not addressed whether a district court has authority to remand an action *sua sponte* but identifies other circuits' opinions on the issue. Although there is disagreement between circuits on whether *sua sponte* remand is ever permissible, all circuits which have addressed the issue agree that a district court lacks authority to remand an action, based on procedural defects in removal, after expiration of the thirty-day remand period identified in 28 U.S.C. § 1447(c). *See Archuleta v. Lacuesta*, 131 F.3d 1359, 1366 (10th Cir.1997) (Baldock, J., dissenting). In contrast, a district court may remand an action on its own accord at any time if subject matter jurisdiction is lacking. *See* 28 U.S.C. § 1447(c).[2] The report expressly avoids addressing whether subject matter jurisdiction exists in this case. (Doc. 22 at 2 n. 1). Nonetheless, it concludes remand after expiration of the thirty-day period is proper in this case because Green Tree materially misrepresented that it was the defendant in the notice of removal.

█ The court disagrees with this conclusion for two reasons. First, the notice adequately and entirely explained the state court proceedings and identified that Green Tree instituted the action. Moreover, Green Tree's state court petition and

the Arndts' amended state court counterclaim were attached to the notice of removal. Both clearly identify Green Tree as the state court plaintiff in the caption. Because all of the state court facts were disclosed, there was no misrepresentation. Second, even if there was a misrepresentation, there is no authority permitting *sua sponte* remand on such a basis. Had the Arndts wanted the case remanded, they could have easily filed a motion to remand, which would have been granted. Consequently, the court rejects the report's conclusion that the case should be remanded *sua sponte* on the basis of a misrepresentation in the notice of removal.[3]

## B. PROCEDURAL DEFECTS & WAIVER

█ As a result, remand depends on whether Green Tree's improper removal constitutes a procedural defect. "[T]he removal statutes are solely procedural in nature," *Archuleta*, 131 F.3d at 1365 (Baldock, J., dissenting), and proceedings pursuant to them "are in the nature of process to bring the parties before the United States court," *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1545 (5th Cir.1991) (quoting *Mackay v. Uinta Dev. Co.*, 229 U.S. 173, 176, 33 S.Ct. 638, 639, 57 L.Ed. 1138 (1913)). Thus, any defect in procedure employed in removing a case is waived after expiration of § 1447(c)'s thirty-day remand period. *See id.; Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir.1995); *FDIC v. Loyd*, 955 F.2d 316, 322 (5th Cir.1992). Because the Arndts failed to object to the removal, they waived

---

**2.** 28 U.S.C. § 1447(c) provides in part:

A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

**3.** The report also concludes that Green Tree waived its right to challenge the timeliness of the Arndts' objection to removal. (Doc. 22 at 6 n. 6) (citing *Student A v. Metcho*, 710

F.Supp. 267, 269 (N.D.Cal.1989), for the proposition that a failure to raise untimeliness of a motion for remand waives such a challenge). However, the Arndts never filed a motion to remand the case. The issue of remand was interposed by Magistrate Judge Humphreys in an order directing the parties to show cause why the case should not be remanded. (*See* Doc. 18). Green Tree responded to the show cause order and opposed remand. These facts do not establish a waiver.

any erroneous removal by Green Tree resulting from a procedural defect.

The term procedural defect includes any non-jurisdictional defect existing at the time of removal. *See* 16 James Wm. Moore et al., Moore's Federal Practice ¶ 107.41[1][c][ii][A] (3d ed.1999); *see also In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir.1993). For instance, a procedural defect arises when an action is removed despite a statutory prohibition on removal of such an action, 16 Moore et al., *supra,* at ¶ 107.41[1][c][ii][B], or when an action has been removed in an untimely fashion, *see, e.g., Maniar v. FDIC*, 979 F.2d 782, 784–85 (9th Cir.1992); *Loyd,* 955 F.2d at 322. In essence, if the court has subject matter jurisdiction of the removed case, any noncompliance with the removal statutes constitutes a procedural defect and may be waived. *See* 14C Charles Alan Wright et al., Federal Practice and Procedure § 3739, at 454 (3d ed. 1998) ("After the expiration of the thirty-day period following the filing of the removal notice, the right to object to *nonjurisdictional* defects in the removal process is considered waived." (emphasis added)).

There are two removal defects involved in this case: 1) Green Tree's removal despite § 1441(a)'s mandate that only a defendant may remove, and 2) the removal was untimely under § 1446(b). As previously noted, numerous cases have stated that untimely removal is a procedural defect. While much more unique, a state court plaintiff's removal of an action based on a counterclaim is also a procedural defect because the impropriety does not affect nor deprive the court of subject matter jurisdiction. The removal statutes merely provide the procedure or technical requirements that must be followed to bring an action from state court to federal court; they do not impose independent jurisdictional requirements. *See Korea*

*Exchange Bank v. Trackwise Sales Corp.*, 66 F.3d 46, 49 (3d. Cir.1995). Therefore, the fact that removal is contrary to the technical requirements has no effect on subject matter jurisdiction. Congress recognized cases would be removed in contravention of the removal statutes but imposed a thirty-day period for seeking remand on non-jurisdictional grounds. It did not intend the shuffling between federal and state courts that would occur if the court remanded this case. *See Baris,* 932 F.2d at 1546 n. 8 (quoting H.R.Rep. No. 889, 100th Cong., 2d Sess. 72, *reprinted in* 1988 U.S.C.C.A.N. 5982, 6033) ("So long as the defect in removal procedure does not involve a lack of federal subject matter jurisdiction, there is no reason why either State or Federal courts or the parties, should be subject to the burdens of shuffling a case between two courts that each have subject matter jurisdiction.").

Admittedly, the procedural manner by which this case came to federal court is unorthodox. It is here because the Arndts did not seek to remand the case until four months after it was removed, and only then after the issue was interposed by Magistrate Judge Humphreys.[4] There is no legal principle, however, prohibiting a claimant from accepting an opposing party's choice of forum. *See, e.g., In re Continental Cas. Co.*, 29 F.3d 292, 294 (7th Cir.1994) (recognizing that a party opposing a claim may choose the forum in the absence of objection). For these reasons, if subject matter jurisdiction exists, the case must remain in federal court.

### C. *SUBJECT MATTER JURISDICTION*

Although the case is over eighty years old, *Mackay v. Uinta Dev. Co.*, 229 U.S. 173, 33 S.Ct. 638, 57 L.Ed. 1138

---

4. The Arndts also failed to respond to Green Tree's objections to the report. The court questions whether the Arndts care which forum, state or federal, adjudicates their claim even though they argued for remand to Magistrate Judge Humphreys. This concern highlights the Seventh Circuit's precautionary statement in *In re Continental Cas. Co.*, 29 F.3d at 295: If procedural concerns arise after removal, "the district judge should wait for the parties to reveal whether they want to continue in federal court."

(1913), demonstrates the existence of subject matter jurisdiction in this action. In *Mackay*, a defendant improperly removed a case that was not subject to removal according to the terms of the removal statutes in existence at the time. However, neither party objected to removal nor sought remand of the action to state court. In concluding subject matter jurisdiction existed, the Supreme Court stated:

> What took place in the state court may therefore be disregarded by the court because it was waived by the parties, and regardless of the manner in which the case was brought or how the attendance of the parties in the United States court was secured, there was presented to the circuit court a controversy between citizens of different states in which the amount claimed by one non-resident was more than [the required jurisdictional amount for diversity jurisdiction].

*Id.* at 176, 33 S.Ct. at 639.

██ Under *Mackay*, a district court's diversity jurisdiction, in an improperly removed case, is invoked if the parties are diverse and the counterclaim exceeds the required jurisdictional amount. Here, the parties are diverse and the Arndts' counterclaim seeks damages in excess of $75,000. Accordingly, the court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332.

## V. *CONCLUSION*

Green Tree's objections (Doc. 23) are overruled. The court accepts the report's conclusion that Green Tree was not entitled to remove this action under § 1441(a). However, the court rejects the assertion that there is authority to remand the action *sua sponte*. Green Tree's improper removal constitutes a procedural defect, which the Arndts' waived by failing to seek remand pursuant to 28 U.S.C. § 1447(c). The manner in which the case was brought to federal court was improper, but because the court has subject matter jurisdiction, it must remain.

IT IS SO ORDERED.