**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 09 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



MITCHELL POZEZ and NEIL
KLEINMAN,

          Plaintiffs - Appellees,

  v.

CLEAN ENERGY CAPITAL, LLC, FKA
Ethanol Capital Management, LLC and
ETHANOL CAPITAL PARTNERS, LP,
Series G,

          Defendants - Appellants.

No. 13-16504

D.C. No. 4:07-cv-00319-CKJ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted January 13, 2015
San Francisco California

Before: WALLACE, M. SMITH, and FRIEDLAND, Circuit Judges.

Defendants-Appellants Clean Energy Capital and Ethanol Capital Partners

appeal from the district court's award of attorneys' fees to Plaintiffs-Appellees

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Mitchell Pozez and Neil Kleinman. Although neither party raised the issue on appeal, it appears that subject matter jurisdiction is lacking, and this court is "bound to consider jurisdictional defects sua sponte." *United States v. S. Pac. Transp. Co.*, 543 F.2d 676, 682 (9th Cir. 1976).

Under the well-pleaded complaint rule, no federal question subject matter jurisdiction exists here because the complaint only sets forth state law claims. Appellants' argument that Appellees' were required to register or take other action under one or more of the federal securities laws constitutes a defense, which cannot provide a basis for subject matter jurisdiction. *See, e.g.*, *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund*, 636 F.3d 538, 541–42 (9th Cir. 2011). Nor does the isolated allegation in the complaint of "knowing violations of securities and other law" constitute a federal claim by itself, or transform any of the state law claims in the complaint into federal claims. Nor can a counterclaim create federal jurisdiction. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830–31 (2002). The Supreme Court's decision in *Mackay v. Uinta Dev. Co.*, 229 U.S. 173 (1913), is not to the contrary, given that the analysis of counterclaims in the context of diversity jurisdiction does not necessarily follow the same well-pleaded complaint rule that applies in the context of federal question jurisdiction. *See Horton v.*

2

*Liberty Mut. Ins. Co.*, 367 U.S. 348, 353–54 (1961) (taking into consideration not only the amount sought by the plaintiff but also the amount sought by the defendant through a counterclaim in finding that the amount in controversy was satisfied for purposes of diversity jurisdiction).

We conclude that there is no subject matter jurisdiction over this case. Although the only matter before us on appeal is the district court's order regarding attorneys' fees, our conclusion regarding the clear lack of subject matter jurisdiction also means that the district court's judgment on the merits in the underlying case is void, *Watts v. Pinckney*, 752 F.2d 406, 409 (9th Cir. 1985), and that the case should not have been removed from state court in the first place, *Dennis v. Hart*, 724 F.3d 1249, 1255 (9th Cir. 2013).

We therefore vacate the district court's order regarding attorneys' fees and the district court's prior order and judgment on the merits with instructions to remand to state court. The motion to dismiss or stay the appeal is denied.

**APPEAL DISMISSED, JUDGMENT AND ORDERS VACATED AND REMANDED.**

The parties shall bear their own costs.