Universitas Education, LLC v. Nova Group, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand thirteen.

PRESENT: DENNIS JACOBS,
      **Chief Judge,**
  ROSEMARY S. POOLER,
      **Circuit Judge.**
  ERIC N. VITALIANO,
      **District Judge.**\*

- - - - - - - - - - - - - - - - - - - -X

UNIVERSITAS EDUCATION, LLC,
 **Plaintiff-Appellee,**

 -v.-          12-3504

NOVA GROUP, INC., AS TRUSTEE, SPONSOR
AND NAMED FIDUCIARY OF THE CHARTER OAK
TRUST WELFARE BENEFIT PLAN,
 **Defendant-Appellant.**

- - - - - - - - - - - - - - - - - - - -X

---

\* The Honorable Eric N. Vitaliano, District Judge of the United States District Court for the Eastern District of New York, sitting by designation.

**FOR APPELLANT:**     JACK E. ROBINSON, Robinson Law Offices, Stamford, Connecticut.

**FOR APPELLEE:**     PAULA K. COLBATH, Loeb & Loeb LLP (Michael Barnett, Loeb & Loeb LLP, <u>on the brief</u>), New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Swain, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.** The mandate shall issue immediately. Nova Group shall bear the costs of appeal.

Nova Group, Inc. ("Nova Group") appeals from the judgment of the United States District Court for the Southern District of New York (Swain, <u>J.</u>), confirming an arbitration award in favor of Universitas Education, LLC ("Universitas") in the amount of $26,525,535.88, plus prejudgment interest and attorneys' fees. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The sole issued raised on appeal is whether the district court had subject matter jurisdiction over this action. We review this question <u>de novo</u>. <u>See</u> <u>Oscar Gruss & Son, Inc. v. Hollander</u>, 337 F.3d 186, 193 (2d Cir. 2003).

The underlying dispute involves a trustee's refusal to pay approximately $30 million in life insurance proceeds to the trust beneficiary following the insured's death in June 2008. When Nova Group (the trustee) rejected a claim by Universitas (the beneficiary) to the death benefit, Universitas filed a demand for arbitration, pursuant to a contract-based arbitration clause. On January 24, 2011, the arbitrator held Nova liable to Universitas for $26,525,535.88. Nova then filed a Petition to Vacate in Connecticut Superior Court pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10, and Universitas filed an action in New York Supreme Court seeking confirmation of the award pursuant to 9 U.S.C. § 9. Both parties removed the respective actions to federal court, asserting the existence of diversity of citizenship and a federal question.

2

After losing on the merits, Nova Group then challenged the district court's subject matter jurisdiction over the case. The court court summarily dismissed this argument as "wholly without merit" and entered judgment for Universitas. A 249. We agree with this decision.

"[S]ubject matter jurisdiction is an unwaivable sine qua non for the exercise of federal judicial power." Curley v. Brignoli, Curley & Roberts Assocs., 915 F.2d 81, 83 (2d Cir. 1990). So Nova Group's motion is late in the day, but not untimely.

Subject matter jurisdiction clearly exists here. Federal courts have diversity jurisdiction over controversies between "citizens of different States." 28 U.S.C. § 1332(a)(1); U.S. Const. art. III, § 2. "Diversity jurisdiction exists over 'civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States.'" Hallingby v. Hallingby, 574 F.3d 51, 56 (2d Cir. 2009) (quoting 28 U.S.C. § 1332(a)(1)).

Universitas is a citizen of New York because it is a limited liability company whose members are domiciled in New York. Nova Group is a Delaware corporation with its principal place of business and headquarters in Simsbury, Connecticut, making it a citizen of both Delaware and Connecticut. The amount in controversy indisputably exceeds $75,000. Nova Group argues that a court must *also* consider the citizenship of trust beneficiaries for purposes of subject matter jurisdiction if suit is brought by a trustee (which, in this case, would undermine the parties' diversity of citizenship). This argument was rejected in Navarro Savings Association v. Lee, 446 U.S. 458 (1980). See id. at 465-66 (affirming the rule, "more than 150 years" old, that permits trustees "to sue in their own right, without regard to the citizenship of the trust beneficiaries"). Contrary to Nova Group's contentions, Carden v. Arkoma Associates, 494 U.S. 185 (1990), which concerned the citizenship of a limited partnership, did not overrule Navarro. Rather, the Supreme Court explicitly held that the two opinions did not conflict. See id. at 191-94. Navarro therefore remains

3

good law, and the district court properly held that it had jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).[1]

For the foregoing reasons, and finding no merit in Nova Group's other arguments, we hereby **AFFIRM** the judgment of the district court. The mandate shall issue immediately. Nova Group shall bear the costs of appeal.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[1] Because we hold that the district court had jurisdiction under 28 U.S.C. § 1332(a)(1), we need not determine whether the case also presented a federal question and thus created an independent basis for jurisdiction under 28 U.S.C. § 1331.