**WBCMT 2007–C33 NY LIVING, LLC, Plaintiff,**

v.

**1145 CLAY AVENUE OWNER, LLC et al., Defendants.**

**No. 13 Civ. 2222(WHP).**

United States District Court, S.D. New York.

July 30, 2013.

Gregg L. Weiner, Esq., Jesse Loffler, Esq., Michael Mandelstam, Esq., Fried, Frank, Harris, Shriver & Jacobson, New York, NY, for Plaintiff.

Jacob S. Pultman, Esq., Bradley S. Pensyl, Esq., Allen & Overy, LLP, New York, NY, for the Borrower Defendants.

### MEMORANDUM & ORDER

WILLIAM H. PAULEY III, District Judge:

Plaintiff WBCMT 2007–C33 NY Living, LLC brings this diversity action to foreclose on a $133 million mortgage against thirty-six LLCs ("Borrower Defendants"); a guarantor, David Kramer; and nine creditors who may possess security interests in the mortgage. The mortgaged properties include forty multi-family residential properties in New York. The Borrower Defendants move to dismiss for lack of subject matter jurisdiction. For the following reasons, their motion is denied.

### DISCUSSION

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, an action must be dismissed if the court lacks subject matter jurisdiction. A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000). When considering a motion under Rule 12(b)(1), courts "accept as true all material facts alleged in the complaint and draw all reasonable inference in the plaintiff's favor." *Sharkey v. Quarantillo*, 541 F.3d 75, 83 (2d Cir. 2008) (citation omitted).

Federal courts have diversity jurisdiction over controversies between "citizens of different States." *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 193 (2d Cir.2003). "[D]iversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships." *Herrick Co., Inc. v. SCS Communications, Inc.*, 251 F.3d 315, 322 (2d Cir.2001). In addition, those citizens "must be real and substantial parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980). "[A] plaintiff who sues not only as agent, but also as an individual who has his own stake in the litigation" meets this requirement. *Oscar Gruss*, 337 F.3d at 194.

### I. *Diverse Citizenship*

The rules regarding the citizenship of artificial entities are easy to articulate but difficult to administer. An LLC has the citizenship of all its members. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir.2000). A trust has the citizenship of both its trustees and beneficiaries. *Mills 2011 LLC v. Synovus Bank*, 921 F.Supp.2d 219, 224–25 (S.D.N.Y.2013). Trustees may, however, sue "in their own right, without regard to the citizenship of the trust beneficiaries." *Navarro*, 446 U.S. at 465–66, 100 S.Ct. 1779; *Universitas Educ., LLC v. Nova Grp., Inc.*, 513 Fed.Appx. 62, 63 (2d Cir.2013) (Summary Order).

The parties dispute the membership of WBCMT. WBCMT alleges that its sole member is U.S. Bank National Association, as a trustee. The Borrower Defendants challenge that and also argue that when an LLC names a trustee as a member, courts must also look to the citizenship of the trust beneficiaries to determine the LLC's citizenship. This argument raises an unsettled question of law: When an LLC—whose sole member is a trustee—brings an action on the basis of diversity jurisdiction, whose citizenship matters?

WBCMT is part of a constellation of artificial entities. U.S. Bancorp, Inc. owns U.S. Bank. U.S. Bank is an Ohio-based national banking association. U.S.

Bank is a trustee for a real estate mortgage investment conduit trust: "Wachovia Bank Commercial Mortgage Trust, commercial mortgage pass-through certificates, series 2007–C33." (Operating Agreement of WBCMT 2007–C33 NY LIVING, LLC, dated October 16, 2012 ("Operating Agreement") at 1). Under a real estate mortgage investment conduit trust, claims to a pool of mortgages or mortgaged-backed securities can be sold to investors in the form of certificates representing their undivided ownership interest in the total pool. The purchasers of these certificates (referred to as "owners" or "certificate-holders") are entitled to a share of the principal and interest received by the trusts from the mortgage loans. *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F.Supp.2d 162, 176 (S.D.N.Y.2011); *see also* Encyclopedia of Banking and Finance 975–976 (10th ed. 1994). WBCMT has not alleged the identity of the beneficial owners of the trust, but the Borrower Defendants suspect that some certificate holders are New York or Delaware companies. To confuse matters further, under the operating agreement, WBCMT is managed by another LLC, LNR Partners.

■ WBCMT's operating agreement states that "U.S. Bank National Association, as trustee for the registered holders of Wachovia Bank Commercial Mortgage Trust, commercial mortgage pass-through certificates, series 2007–C33" is the sole member of the company. (Operating Agreement at 1.) The Borrower Defendants argue that another provision of the agreement demonstrates that the member is a trust. That provision notes that "the Member is a trust for mortgage pass-through certificates[.]" (Operating Agreement ¶ 16(a)(ii).) But that was amended to "the Member is the trustee of a trust for mortgage pass-through certificates[.]"

(First Amendment to Operating Agreement ¶ 2.) The Borrower Defendants contend that the amendment is invalid because it was signed by a representative for LNR and not dated. The original agreement, however, expressly authorizes LNR to make such amendments. (Operating Agreement ¶ 7.) Further, the Amendment states that it "is made and entered into as of October 16, 2012" and "executed as of the date set forth above." (First Amendment to Operating Agreement, dated October 16, 2012, at 1, 5.) As a factual matter, WBCMT's sole member is a trustee.

■ The Borrower Defendants argue that even if WBCMT's operating agreement establishes a trustee as its sole member, this Court must still consider the citizenship of the trust beneficiaries. Courts must look past an artificial entity to its members in order to determine its citizenship. *Carden*, 494 U.S. at 195, 110 S.Ct. 1015. When an artificial entity is comprised of other artificial entities, courts must continue the inquiry. In some cases, this will require endless unraveling, and the rule is justly criticized as "technical, precedent-bound, and unresponsive to policy considerations raised by the changing realities of business organization." *Carden*, 494 U.S. at 196, 110 S.Ct. 1015; *see also Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 582, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004) ("Uncertainty regarding the question of jurisdiction is particularly undesirable, and collateral litigation on the point particularly wasteful."); *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 510 & n. 7, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975) (Rehnquist, J., dissenting) (lamenting that "courts and the parties must expend great energy not on the merits of dispute settlement, but on simply deciding whether a court has the power to hear a case").

■ But no unraveling is necessary here. When an LLC's sole member is a

trust, it is necessary to determine the trust's citizenship in order to answer the ultimate question of the LLC's citizenship. *See, e.g., Mills,* 921 F.Supp.2d at 224–25. When, however, an LLC's sole member is a trustee, the LLC's membership is determined by the citizenship of the trustee alone. *Carden,* 494 U.S. at 191, 110 S.Ct. 1015 (active trustees whose control over the assets held in their names is real and substantial may sue in their own right, without regard to the citizenship of the trust beneficiaries); *Navarro,* 446 U.S. at 465–66, 100 S.Ct. 1779 (accord); *Nova Grp.,* 513 Fed.Appx. at 63–64 (accord); *see also U.S. Bank Nat'l Ass'n v. Nesbitt Bellevue Prop., LLC,* 859 F.Supp.2d 602 (S.D.N.Y.2012) (applying *Navarro* when analyzing diversity jurisdiction in suit brought by REMIC trustee); *LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.,* 180 F.Supp.2d 465, 470 (S.D.N.Y. 2001) (same). As a national banking association, U.S. Bank "is a citizen of the State in which its main office, as set forth in its articles of association, is located"—here, Ohio. *Wachovia Bank, N.A. v. Schmidt,* 546 U.S. 303, 307, 126 S.Ct. 941, 163 L.Ed.2d 797 (2006); *see also Mfrs. & Traders Trust Co. v. HSBC,* 564 F.Supp.2d 261, 263 (S.D.N.Y.2008).

The Borrower Defendants also argue that the trust beneficiaries are members of WBCMT—even though they are not specified as such under the agreement—because Ohio law provides a broad definition of LLC membership. Under Ohio law, however, the membership of an LLC is determined by its operating agreement. Ohio Rev.Code § 1705.081(A). And WBCMT's operating agreement provides that U.S. Bank National Association is WBCMT's sole member. (Operating Agreement at 1.)

The Borrower Defendants' efforts to "raise factual issues by quibbling over the nature of the trust arrangements fails in light of the express provisions of the [Operating Agreement]. Courts should avoid being drawn too deeply into such quibbles." *Wells Fargo Bank Northwest N.A. v. TACA Intern. Airlines, S.A.,* 314 F.Supp.2d 195, 201 (S.D.N.Y.2003) (Lynch, J.). "[I]t would be a mistake to complicate the ascertainment of jurisdiction by making it turn on the precise division of responsibilities between [trustees and other parties.]" *May Dep't Stores Co. v. Fed. Ins. Co.,* 305 F.3d 597, 599 (7th Cir.2002) (Posner, J.).

## II. *Real and Substantial Party To The Controversy*

When otherwise diverse plaintiffs bring an action, they must be real and substantial parties to the controversy. *Navarro,* 446 U.S. at 460, 100 S.Ct. 1779. "To establish whether a plaintiff is a real and substantial party to the controversy, a crucial distinction must be made between a plaintiff who sues solely in his capacity as an agent, on the one hand, and, on the other, a plaintiff who sues not only as an agent, but also as an individual who has his own stake in the litigation." *Oscar Gruss,* 337 F.3d at 194. "[A] real party to the controversy for purposes of diversity jurisdiction ... possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." *Navarro,* 446 U.S. at 464, 100 S.Ct. 1779. But when a plaintiff sues solely in his capacity as an agent, that plaintiff is a mere conduit, and courts must look beyond the agent to the principal. *Navarro,* 446 U.S. at 464, 100 S.Ct. 1779.

Here, the Borrower Defendants argue that U.S. Bank is not a real party in interest because it (1) does not hold or manage trust assets, (2) has no power to control foreclosure actions brought on behalf of the trust, and (3) has

no power to terminate the special servicer. They argue that when U.S. Bank gave all "right[s], title and interest in and to the Loan Documents" to WBCMT it lost that interest and became a mere conduit for the trust beneficiaries. (Memorandum of Law in Support of Borrower Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, dated June 6, 2013 at 10.) But the threshold inquiry for establishing the "real and substantial party to the controversy" is whether the plaintiff itself—not its sole member—has a stake in the litigation. The Borrower Defendants concede that all "right[s], title and interest in and to the Loan Documents" are vested in WBCMT. As such, WBCMT has a real and substantial interest in the litigation.

There are layers of artificial entities in this action. The proliferation of corporate artifices obscures facts and makes jurisdictional analysis more complex and costly. But here, complex facts give way to a simple legal answer: WBMCT has all right, title, and interest in the loan documents. That makes it a real and substantial party to the controversy and not merely a shell designed to circumvent the requirements of diversity jurisdiction.

## CONCLUSION

For the foregoing reasons, the Borrower Defendants' motion to dismiss for lack of subject matter jurisdiction is denied. The Clerk of the Court is directed to terminate the motion pending at ECF No. 38.

SO ORDERED.